### 699.   SHERMAN *v.* THE STATE.

1. Where a warrant was placed in the hands of an officer of the law for execution, and subsequently the person against whom the warrant issued voluntarily appeared for commitment trial before the magistrate who issued it, the officer having it in his possession also being present, and the magistrate thereupon continued the case and allowed the defendant to go at large on his personal recognizance, such voluntary appearance of the defendant was tantamount to an arrest, and such disposition of the case by the magistrate constituted satisfaction of the warrant, and it became functus officio, and any subsequent arrest thereunder was illegal.

2. To authorize the rearrest of a defendant for the same offense, when he has been lawfully allowed his liberty on his personal bond for his appearance on a certain named day to stand his preliminary trial, a forfeiture of his bond must be duly declared and another warrant for said offense be thereupon issued.

3. The only evidence incriminating the defendant having been obtained by an unlawful search and seizure of his person while he was in custody under an illegal arrest, his conviction was unlawful, and the verdict must be set aside.

Accusation of carrying concealed weapon, from city court of Americus—Judge Crisp. July 18, 1907.

Submitted October 9,—Decided October 22, 1907.

*Howell B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

HILL, C. J. Sherman was convicted of the offense of carrying concealed weapons, and his motion for a new trial was overruled. The only evidence against the defendant was given by the bailiff who arrested him and by the deputy sheriff into whose custody he had been delivered by the arresting officer. These witnesses testified that while the defendant was in the custody of the deputy sheriff, before he was put in jail, the latter searched him and found a pistol concealed on his person. This testimony was objected to, on the ground that the search and seizure of the defendant was unlawful, as he was under an illegal arrest, and that he was compelled by an officer of the law to furnish incriminating evidence against himself. In order to determine this assignment of error, it is necessary to consider the facts and circumstances of the defendant's arrest. It appears, from the brief of the evidence in the record, that there were several warrants issued against the defendant by a justice of the peace of the county, for different offenses, and that these warrants had been placed in the hands of the bailiff for execution. Before any of the warrants had been executed by the bailiff, the defendant appeared before the justice who issued said warrants, for a preliminary trial; and the justice, without a trial, allowed the defendant to go at large on his own recognizance until the next term of the court. The bailiff who had the warrants in his possession did not make any formal execution of any of them, but was present and heard the order of the court permitting the defendant to go on his own recognizance. The defendant did not appear at the next term of the court, but the prosecutor, the constable, and the defendant's counsel were present in court, and an agreement was made between them, which agreement was approved by the court, that the defendant should remain at large on his personal recognizance until the court heard from the defendant's attorney. Before the court had heard from his attorney, without any order of the court revoking his previous order that the defendant should remain at large on his personal

bond, and without any forfeiture of said bond, the bailiff arrested the defendant on one of the warrants issued by said justice, and from which the defendant had been released by the order of the justice, discharging him on his own recognizance as above set forth. On the day the bailiff arrested the defendant, he delivered him into the custody of the deputy sheriff of the county; and this officer, before putting him in jail, and while having him in such custody, searched his person and found concealed thereon a pistol.

Under these facts (which are not disputed), was the testimony obtained by such search and seizure admissible against the defendant on his trial for carrying concealed weapons? We think, under the foregoing facts, the arrest of the defendant by the bailiff was illegal. When the defendant appeared before the justice who had issued the warrants against him for the purpose of having a commitment trial, and the bailiff who had the warrants in his possession was also present, this constituted an arrest under the warrants. *Courtoy* v. *Dozier,* 20 *Ga.* 369. It amounted to a waiver of the defendant's right to see the warrants, and was a voluntary surrender thereunder to the court. The court, having legal custody, therefore, under these warrants, was authorized to hold the commitment trial, or to postpone the trial, and, in the latter event, to require an appearance bond to be executed, with or without security. Allowing the defendant to go on his own bond until the next term of the court, and, when that day arrived, again postponing the commitment trial and allowing the defendant to remain at large on his own recognizance, rendered the warrant upon which such action was taken by the court functus officio, and the defendant could not thereafter be legally arrested for the offense covered by the warrant, until his personal recognizance had been forfeited and a new warrant issued for said offense. An arrest on a warrant, and a bond thereunder, satisfy the warrant, and there can be no other arrest thereunder. If a defendant, after an arrest, has been allowed to give bond, such bond must be forfeited and another warrant issued, before he can be lawfully arrested for the offense covered by the first warrant. The arrest of the defendant, therefore, by the bailiff, under the warrant which had been become functus by the previous action of the justice, was an unwarranted exercise of authority, and such arrest was illegal. His search and seizure by the deputy sheriff, while in his custody

by virtue of the illegal arrest, was unlawful, and the testimony obtained by such unlawful search and seizure following the illegal arrest was not admissible against him on his trial for carrying concealed weapons; and these facts clearly appearing from the evidence, such testimony should have been excluded by the court: *Hammock* v. *State*, 1 *Ga. App.* 126 (58 S. E. 66); *Hughes* v. *State*, 2 *Ga. App.* 29 (58 S. E. 390); *Sherman* v. *State*, 2 *Ga. App.* 148 (58 S. E. 393).                          *Judgment reversed.*