### 3348. JORDAN v. THE STATE.

HILL, C. J. 1. The trial court is not required, in the absence of a request, to charge a theory dependent alone upon the statement of the accused, made to the jury. *Gray* v. *State*, 6 *Ga. App.* 428 (65 S. E. 191). In this case, however, the trial judge did substantially present to the jury the issue made alone by the statement of the accused as to the intent with which he took the property alleged to have been stolen, in that he instructed the jury that the intent with which the property was taken by the accused must be determined by them from the evidence and from his statement.

2. On the trial of an accusation for larceny from the house, the corpus delicti was clearly proved, and recently thereafter the property alleged to have been stolen was found in the possession of the accused, who admitted that he took the property from the house, but denied that he did so with intent to steal it. *Held,* in the absence of a request, it was not error for the trial judge to omit to instruct the jury as to the law of circumstantial evidence as laid down in section 1010 of the Penal Code of 1910. *McElroy* v. *State*, 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State*, 125 *Ga.* 296 (54 S. E. 127).

3. Whether an explanation which the accused makes of his possession of property recently stolen is consistent with his innocence is exclusively a question of fact for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly unsupported by the evidence, or by any reasonable theory deducible therefrom. Under the facts of the present case, the jury were fully authorized to disregard the explanation of his possession made by the accused in his statement.

4. No error of law was committed by the trial judge, and the judgment overruling the certiorari must be affirmed.          *Judgment affirmed.*

DECIDED JUNE 7, 1911. REHEARING DENIED AUGUST 4, 1911.

Certiorari; from Jasper superior court—Judge J. B. Park. March 11, 1911.

*Doyle Campbell,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.