### 5352. PITTS *v.* THE STATE.

1. Where, by illegal seizure and search of a person, evidence tending to incriminate him is obtained, the obtaining of the evidence by such means,must be regarded as compelling him to furnish testimony against himself; and evidence thus obtained is without probative value against him on his trial for a criminal offense. But when self-incriminatory evidence is obtained by search of the person of one who is in legal custody, under arrest for a different offense, and the search is necessary in order to disarm the prisoner for the safety of the officer having him in charge, the evidence is not thereby rendered inadmissible.
2. In the absence of a timely written request, the court is not required to charge the jury as to a theory dependent wholly upon the statement of the accused.

DECIDED JANUARY 20, 1914.

Indictment for misdemeanor; from Spalding superior court—Judge R. T. Daniel. October 18, 1913.

*Connor & Mills,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

RUSSELL, C. J. The indictment contained two counts, one charging the defendant with carrying a pistol without having obtained the license required by law, and the other with carrying a pistol concealed. There was plain evidence, if the State's witness was credible, of the defendant's guilt of carrying the pistol concealed; and he admitted that he had not obtained a license. It is insisted, however, that the evidence of his guilt of carrying a pistol concealed was obtained by unlawful seizure and search of his person, thus compelling him to furnish testimony against himself; and that his conviction upon the count charging the carrying of the pistol without having obtained a license was probably due to the

failure of the trial judge to instruct the jury that if they believed that the defendant found the pistol in the road, and picked it up to carry it home with him, and had not had a sufficient time to obtain a license authorizing him to carry the pistol, as he intended to do, then the defendant would not be guilty.

1. It does not appear that the defendant objected to the evidence when offered, or moved to exclude it. However, in no view of the case was the admission of this testimony illegal, for it appears, from undisputed testimony, that before the discovery of the pistol on the person of the accused, the witness, who was an officer, had arrested him under a warrant for another offense. As has several times been held by this court, the obtaining of self-incriminating evidence by illegal seizure and search of the defendant's person must be regarded as compelling him to furnish testimony against himself, and evidence thus obtained is without probative value against him. But when evidence of one's guilt of carrying a deadly weapon is obtained by a search of his person while he is in the legal custody of an officer, under arrest for a different offense, and the search is necessary in order to disarm the prisoner, for the safety of the officer, the evidence is not illegal. As to the distinction, see *Sherman* v. *State,* 2 *Ga. App.* 148 (58 S. E. 393) ; Id., 2 *Ga. App.* 686 (58 S. E. 1122) ; *Hughes* v. *State,* 2 *Ga. App.* 29 (58 S. E. 390) ; *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276) ; *Dozier* v. *State,* 107 *Ga.* 708 (33 S. E. 418) ; *Springer* v. *State,* 121 *Ga.* 155 (48 S. E. 907).

2. The explanation offered by the prisoner, as to his carrying the pistol without a license, would have demanded an instruction such as it is now contended the trial judge should have given, if this explanation had been presented or supported by any evidence; but his explanation, as set forth in the exception, depended wholly upon his unsworn statement, and it is well settled that the court is not required, in the absence of a timely written request, to charge a theory dependent wholly upon the statement of the accused. *Jordan* v. *State,* 9 *Ga. App.* 578 (71 S. E. 875) ; *Gray* v. *State,* 6 *Ga. App.* 428 (65 S. E. 191) ; *Cobb* v. *State,* 11 *Ga. App.* 52 (74 S. E. 702). There was no error in refusing a new trial.

*Judgment affirmed.*