21000.   DALTON *et al. v.* THE STATE.

DECIDED JANUARY 14, 1931.

*William E. & W. Gordon Mann,* for plaintiffs in error.
*John C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J.   Defendants were convicted of larceny from the house, made a motion for a new trial, and, on its being overruled, filed a bill of exceptions.

1.   The only special ground of the motion for a new trial alleges that the court erred in charging the jury as follows: "The State insists that after the commission of the alleged crime these defendants were found in the recent possession of the goods alleged to have been stolen, and that that is a circumstance indicating guilt. I charge you that possession of goods recently stolen, unexplained to the reasonable satisfaction of the jury, is a circumstance for the consideration of the jury in passing upon the guilt or innocence of the accused, and I charge you that possession of such goods might of itself be sufficient to sustain a conviction." There was ample evidence upon which to base this charge, and for no reason alleged was it error.

2.   The evidence for the State shows that certain household goods were stolen from the home of the prosecutor and were found at the home of the defendants.   The defendants claimed that the owner pawned the goods to them to secure the payment of a bill for whisky which the defendants claimed they had sold the owner of the goods.   This explanation of the possession of the goods was not satisfactory to the jury.   "Whether an explanation which the accused makes of his possession of property recently stolen is

consistent with his innocence is exclusively a question of fact for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly unsupported by the evidence, or by any reasonable theory deducible therefrom." *Jordan* v. *State,* 9 *Ga. App.* 578 (3) (71 S. E. 875); *Jester* v. *State,* 23 *Ga. App.* 132 (97 S. E. 563). Under the facts of the present case the jury were fully authorized to disregard the defendants' explanation of their possession of the stolen goods.

3. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*