24803. HAUGABOOK *v.* THE STATE.

Decided July 26, 1935.

*A. C. Felton* III, for plaintiff in error.
*Jared I. Bull, solicitor,* contra.

Guerry, J. The defendant was charged with larceny of a certain pistol. The prosecutor testified that the pistol was in the pocket of his automobile, and that the defendant and Joe Rich (another negro) got in the car with him to show him where he could sell some potatoes he had in the car. After the two negroes had gone he missed the pistol from the car, and went back to look for them, but could not find them at that time. He did not see either defendant or Joe Rich take the pistol from the car. The State's

evidence shows that the pistol was recovered from John Williams. That defendant sold the pistol to Walter Day for $13, and Walter Day sold it to John Spivey, who in turn sold it to John Williams. The defendant in his statement admitted that he and Joe Rich went with prosecutor in his car, but denied that he knew there was a pistol in the car or that a pistol had been stolen. He further stated: "Just before I was arrested we were at my house, and Joe Rich asked me if I would let him have $2 on the pistol. Later Joe Rich called me out of the house and told me not to sell the pistol —that he was afraid the man was after him. I did not know the pistol was stolen until afterwards." A witness for the defendant swore that he saw Joe Rich give the defendant the pistol, and that the defendant "let him have two dollars for it." Rich had never been arrested, although a warrant was issued for him.

The plaintiff in error insists that this evidence satisfactorily explains the recent possession by the defendant of the stolen pistol. It is evident from the testimony that the pistol was stolen from the car, and that either the defendant or Joe Rich or both of them were guilty of the theft. The defendant, in his statement to the jury, said that Joe Rich pawned the pistol to him for $2, and then told him not to sell the pistol, as "he was afraid the man was after him." He stated that he did not know when he received the pistol that it was stolen. But were the jury bound to accept his statement? We think not. In spite of defendant's admitted knowledge of its character as a stolen article he sold the pistol for $13. Under these conditions, could not the jury believe that defendant was giving Joe Rich $2 for his share or knowledge of the transaction? In *Bridges* v. *State*, 9 *Ga. App.* 235 (3) (70 S. E. 968), it was said: "Whether the explanation which he gave of his possession and acts of ownership over the property was consistent with his innocence and satisfactory was a matter exclusively for the jury. They did not accept the explanation, and were therefore authorized to infer, from his possession recently after the burglary was committed, that he was guilty." See also *Ryon* v. *State*, 12 *Ga. App.* 813 (78 S. E. 477); *Jordan* v. *State*, 9 *Ga. App.* 578 (3) (71 S. E. 875); *Stewart* v. *State*, 17 *Ga. App.* 827 (88 S. E. 715). Under the facts of this case it was for the jury to draw the inferences from the defendant's conduct.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*