### 27064. HOWARD v. THE STATE.

DECIDED SEPTEMBER 9, 1938.

O. C. Darsey, for plaintiff in error.
J. P. Dukes, solicitor-general, contra.

MacIntyre, J. Wilbur Howard was indicted for the offense of simple larceny, for that the said Wilbur Howard "with force and arms did then and there unlawfully, and of the personal goods of Hunter Butler, to wit, five black pigs (hogs) weighing each about 25 lbs., unmarked, the sex being to the grand jurors unknown, and of the value of $1.50 each, did then and there unlawfully, wrongfully, feloniously, and fraudulently take and carry away with the intent then and there to steal the same, contrary to the laws of said State, the good order, peace, and dignity thereof." The jury found the defendant guilty. His motion for new trial, based on the general grounds was overruled and he excepted thereto.

The evidence disclosed that Hunter Butler lost five black pigs from Fulton range, and found them in Dr. Long's pen with the defendant's mark on them. Dr. Long testified that he had received the pigs, which were freshly marked, from the defendant, to be applied on the defendant's account, and that when Butler came for the pigs he turned them over to him. Butler in turn paid the doctor therefor. When the suckling pigs were returned to Butler and he restored them to their mother, which was marked with Butler's mark, they all, mother and pigs alike, acted as if there was a reuniting of the family. It further appeared that a few days after Butler lost the five pigs he was on the range looking for them; that the defendant, who lived approximately eight

miles from the range, was there, and that Butler asked him if he had seen the sow and the pigs; and that the defendant answered that he had not seen them that day, but had seen them the day before "at the lower end of Joiner." The defendant in his statement said that he went with Phillip Terrell, Bunk Williams, and Robert O'Berry to hunt hogs; that they caught a large barrow hog, the five pigs in question, and others; that they returned the barrow hog to Kelly Williams, the owner; that Bunk Williams gave these five pigs to the defendant for helping hunt hogs; and that Bunk knew that "I would sell them to Dr. Long, because I told him that if I could get up ten or fifteen for him he would take them." Phillip Terrell testified that he remembered the barrow hog, but did not remember Bunk giving the defendant the five black pigs.

The Code declares: "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same. The thief may be indicted in any county in which he may carry the goods stolen." § 26-2602. "The stealing of a hog is simple larceny, and shall be so charged in the indictment, and the hog so described that it may be identified by the owner." § 26-2610. "The State, by proving the corpus delicti, the venue, and the recent possession of the stolen property, and its sale by the defendant, made a prima facie case. Whether the defendant's explanation of his possession of the property was consistent with his innocence and satisfactory to the jury was a matter exclusively for them. In such a case, in the absence of error upon the trial, the Court of Appeals is without authority to interfere." *Gilliard* v. *State,* 17 *Ga. App.* 364 (86 S. E. 939); *Coley* v. *State,* 41 *Ga. App.* 620 (2) (154 S. E. 203); *Bridges* v. *State,* 9 *Ga. App.* 235 (3) (70 S. E. 968); *Jordan* v. *State,* 9 *Ga. App.* 578 (3) (71 S. E. 875). Thus, whether the defendant came into the possession of the pigs bona fide and in good faith, believing them to have been the property of the person from whom he states he received them, or whether he himself, or together with other parties, knowing that the pigs did not belong to him, took them from the range and marked them as his own, or whether, after having participated with others in catching the pigs, he received them in payment of his help, knowing that the pigs did not belong

to such parties, was all for the determination of the jury. The defendant's statement taken with all the evidence did not demand a finding that his possession of the pigs was innocent. We therefore think that the evidence warranted the verdict and that the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*