DRAKE *vs*. THE STATE OF GEORGIA.

1. The evidence established the guilt of the accused beyond a reasonable doubt.
2. Article 1, section 1, paragraph 6, of the constitution (Code, §4998), which declares that "no person shall be compelled to give testimony tending in any manner to criminate himself," means that, where a person is sworn as a witness in a case, he shall not be compelled to testify to facts that may tend to criminate him. It does not prevent the introduction in evidence or the exhibition to the jury of clothing or any other article taken from a person accused of crime, where they tend to show his guilt.
3. Where the evidence showed that the wife of the accused was murdered; that the accused was seen leaving the house by jumping from a window; that, upon smelling the odor of burning clothes, the house was burst open, and the deceased was found lying in the fire badly burned, with her head mashed in, her skull broken and her throat cut; that a pair of bloody pantaloons, lying close by, were identified as those worn by the accused on the previous night; that other articles of apparel taken from the accused had blood upon them; that an axe and knife, having blood upon them, and which belonged to the accused, were found; and that the accused confessed to having gone up behind the deceased, struck her on the head with an axe and cut her throat with a knife, there was no error in rejecting testimony offered to show that the deceased had a violent temper.
(*a*.) This case differs from that of *Monroe vs. State*, 5 *Ga.*, 137.

December 15, 1885.

Criminal Law. Constitutional Law. Witness. Evidence. Murder. Before Judge STEWART. Upson Superior Court. January Term, 1885.

Reported in the decision.

A. M. SPEER; J. A. COTTEN; J. T. TISINGER; J. Y. ALLEN, for plaintiff in error.

CLIFFORD ANDERSON, attorney general; EMMETT WOMACK, solicitor general; M. H. SANDWICH, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty of the murder of his wife, in the superior court of Upson county.

The evidence showed that the accused and deceased were at home the night previous to the homicide ; that they had a quarrel; the next morning the accused was seen leaving the house by jumping out of a window; very soon thereafter there was the smell of clothes burning ; several parties went to the house, burst open the door, and discovered the deceased lying in the fire badly burned, her head mashed in, skull broken and her throat cut. She was dead.   A pair of pants were found lying close by, bloody, and they were identified as those worn by the accused the night before; an axe and knife were also found, which had blood on them ; they belonged to the accused.  The confessions of the accused were proved to the effect that he went up behind his wife, struck her on the head with an axe and cut her throat with a knife.  The shirt and drawers were taken off of the person of the accused ; they were also bloody.   These articles of clothing were exhibited to the jury by the state, over the objection of the accused. The accused proposed to prove by several witnesses that the deceased had a violent temper; the court refused to allow this testimony to go to the jury.  A motion for new trial was made, assigning these rulings as error, which being refused by the court, the case is brought here for the consideration of this court.

1. The evidence in the case established the guilt of the accused beyond any reasonable doubt.  It is so strong and overwhelming that the jury would have had to stultify themselves to have rendered a different verdict than that found by them.  This disposes of the first and second assignments of error.

2. The next assignment was that the court erred in permitting the clothing of the accused to be exhibited to the jury, upon the ground that he could not be compelled to furnish evidence against himself.

Art. 1, sec. 1, par. 6, of the constitution of this state (Code, section 4998), declares that " no person shall be compelled to give testimony tending in any manner to

criminate himself." It would be a forced construction of this paragraph of the constitution to hold that clothing or any other article taken from a person accused of crime could not be given in evidence or exhibited to the jury, where the same tended to show his guilt. This clause of the constitution means that, when a person is sworn as a witness in a case, he shall not be compelled to testify to facts that may tend to criminate him.

3. The next assignment of error is, that the court erred in not permitting the accused to prove that deceased had a violent temper; and his counsel cites and relies on the case of *Monroe vs. The State*, 5 *Ga.*, 137. In that case, this court allowed evidence to be given to the jury that the deceased was a violent, rash and bloody-minded man, reckless of human life, but it is there said by the court, "As a general rule the slayer can derive no advantage from the character of the deceased for violence." While it was considered by the court, under the circumstances of that case, that the evidence was admissible, yet in the present case there is nothing to relieve the accused from the general rule laid down in that case, to-wit, that the accused can derive no advantage from the fact that the deceased was of a violent disposition.

After a deliberate and full consideration of this case, we think that the accused has had a fair and impartial trial, and that there were no errors of law committed by the court on the trial; so we affirm the judgment.

Judgment affirmed.