### EVANS *v.* THE STATE.

Following the decision of this court in the case of *Day* v. *State*, 63 *Ga.* 667, the evidence which was offered by the State and admitted, showing that the accused, while not under legal arrest, had been compelled to put his hand in his pocket and surrender a pistol, thus disclosing that he was violating the law, was not admissible on the trial of such person for the offense of carrying a concealed weapon, alleged to have been committed on that occasion.

Submitted December 19, 1898.— Decided March 4, 1899.

Indictment for carrying concealed weapon. Before Judge Prior. City court of Hall county. November 21, 1898.

*H. H. Dean,* for plaintiff in error.
*Howard Thompson, solicitor-general,* contra.

COBB, J.  Evans was convicted of the offense of carrying a concealed weapon. His motion for a new trial was overruled, and he excepted. The only witness introduced on the trial of the case was Brown, a policeman, who testified that he was called up at night in Gainesville, Hall county, on account of

some disturbance. When he got to the place where the disturbance was alleged to have occurred he saw nobody, but was told that the accused had been shooting around there. After awhile he saw the accused coming down the road. At this point the witness was allowed to testify as follows: "I told him to give up his pistol, and he said: 'What pistol?' and I said, 'The one you have been shooting with.' He refused to give it up, but I called Mr. Lyles, another policeman, and we forced him to give it up. He had it in his hand under his coat, and it was concealed so I could not see it, until after I compelled him to give it up." After this, witness arrested the accused. He had no warrant for the accused, and neither had Lyles, the other policeman. That part of the testimony of the witness which is quoted above was objected to by the accused, on the ground that "no party can be compelled to give evidence against himself by act or words." The refusal of the court to exclude this evidence is assigned as error in the motion for a new trial.

The constitution of this State provides that, "No person shall be compelled to give testimony tending in any manner to criminate himself." Civil Code, § 5703. In the case of *Day* v. *State*, 63 *Ga.* 667, it was held that "Evidence that a witness forcibly placed defendant's foot in certain tracks near the scene of the burglary, and that they were of the same size, is not admissible. A defendant can not be compelled to criminate himself by acts or words." In that case Allen, a witness for the State, testified that "Witness took hold of [the accused] and pulled him along, and then he put his foot in the track. The first time witness told him to put his foot in the track defendant refused. Witness then took hold of his foot and put it in the track; he did not consent to it. The shoe fitted the track." This evidence was admitted over the objection of the accused that it was compelling him to furnish evidence against himself, contrary to the constitution of the State. Chief Justice Warner, after quoting the constitutional provision above set out, added: "Nor can one, by force, compel another, against his consent, to put his foot in a shoe track for the purpose of using it as evidence against him on the criminal side of the court, the more especially when the person using such force

has no lawful warrant or authority for doing so." It will thus be seen that in the case cited the constitutional provision was construed to apply to cases other than those in which the accused was forced to give evidence against himself either in court or pursuant to an order of court. In the present case neither the officer who testified nor the officer who assisted in the arrest had any warrant for the accused, nor was any arrest made until after the accused was forced to give up his pistol. The only fair interpretation that can be given to the evidence objected to is that the accused was compelled against his consent to put his hand in his pocket and surrender his pistol to the officers, and thus disclose that he was guilty of a violation of law. Viewing the case in this light, we think it is controlled by the decision in the *Day* case, and that the court erred in admitting the evidence objected to. We have made a careful examination of the decisions of this court bearing upon this question, and find none which, properly construed, conflicts with the ruling here made.

The case of *Franklin* v. *State*, 69 *Ga.* 36, differs from the present case in three important respects: (1) The accused was under legal arrest; (2) he did not object to furnishing the incriminating evidence; and (3) he remained passive while shoes, which were afterwards used as evidence of his guilt, were pulled from his feet by others. Chief Justice Jackson in his opinion in that case, in distinguishing it from the *Day* case, makes use of this language: "It was that which he wore which witnessed against him, and not any act he did under coercion, such as being forced to put his feet in tracks somebody had made." While the headnote in the case of *Drake* v. *State*, 75 *Ga.* 413, restricts the application of the constitutional provision above quoted to persons sworn as witnesses in a case, an examination of the facts appearing of record in that case will show that it is really not in conflict with the *Day* case or the ruling made in the present case. While it appears that part of the clothing introduced in evidence was taken off of the person of the accused, he was at the time in legal custody, and no objection, so far as the record discloses, was made by him. *Woolfolk's* case, 81 *Ga.* 551, is to be distinguished from the *Day* case for the same

reasons as the case last cited. In the *Myers* case, 97 *Ga.* 76, the accused was not forced, against his will, to furnish evidence against himself. In discussing this question Atkinson, Justice, recognizes the distinction laid down by Chief Justice Jackson in the *Franklin* case, supra, in the quotation above set out. Besides, Myers was under arrest, and it does not appear whether the shoes introduced in evidence were taken from his feet, or whether, if this was done, he raised any objection thereto. In the case of *Williams* v. *State*, 100 *Ga.* 511, no such question as the one now under discussion was raised or decided. In that case an officer took from the person of the accused marked coins which were afterwards used in evidence against her. She was not compelled to furnish any evidence whatever against herself. The decision in that case simply holds that the constitutional provision as to unreasonable searches and seizures did not render the evidence inadmissible. It was there said that the purpose of the constitutional provision was to deter the lawmaking power from authorizing or declaring lawful any unreasonable search or seizure, and to prevent courts and executives from enforcing any law which was violative of this provision; but that it was not intended to operate so as to prevent the courts from receiving evidences of crime, although they might have been obtained by an illegal and unreasonable search and seizure. It would seem from these cases that the law in this State is that evidences of guilt found upon a person under legal arrest may be used in evidence against him; but that where a person not in legal custody is compelled to furnish incriminating evidence against himself, the evidence is not admissible. The ruling made in the *Day* case constrains us to reverse the judgment of the court below in refusing a new trial, on the ground that the evidence complained of was improperly admitted. *Judgment reversed. All the Justices concurring.*