### DOZIER *v.* THE STATE.

1. There was no error, on the trial of an indictment for carrying a concealed weapon, in allowing the sheriff to testify that the accused being in his custody, under a warrant for a criminal offence, he searched him and found a pistol concealed in his pocket.
2. A new trial would not in any event be awarded when the accused in his statement to the jury admits his guilt of the offence for which he is on trial.

Submitted May 15, — Decided May 29, 1899.

Indictment for carrying concealed weapon.   Before Judge Harris.   Carroll superior court.   April term, 1899.

*R. D. Jackson*, for plaintiff in error.
*T. A. Atkinson, solicitor-general*, contra.

Little, J.   Plaintiff in error was indicted for the offense of misdemeanor, and put on trial in the superior court of Carroll county, under a plea of not guilty.   The particular misdemean-

or charged was that of having and carrying about his person a pistol, the same not being had and carried in an open manner and fully exposed to view. The evidence for the State was given by J. G. Tanner, sheriff of Carroll county, to the effect, that he knew the defendant, and identified him; that on or about the time charged in the indictment, in Carroll county, Georgia, he arrested the defendant under a warrant for another offense, and that he searched him and found in one of his coat pockets a pistol which was concealed. The defendant made a statement in which he said that he had the pistol in his hand, and that when he saw the sheriff coming he dropped it in his pocket, and the sheriff searched him and found it in his pocket. The jury returned a verdict of guilty. On the trial counsel for the plaintiff in error moved to exclude from the jury that part of the evidence of the sheriff which is as follows: "I searched him and found in one of his pockets a pistol which was concealed." The court refused to rule out this evidence, and the only error assigned is to the refusal of the judge to exclude the same from the jury.

Counsel for the plaintiff in error contends that the sheriff should not have been permitted to testify to the fact that having the plaintiff in error under arrest for another and different offence, he searched him and found in one of his coat pockets a pistol which was concealed, because the effect of this evidence was to compel the defendant to give evidence which tended to criminate himself; and we are cited to the following adjudications of this court to support that contention: Day v. State, 63 Ga. 667; Blackwell v. State, 67 Ga. 76; Evans v. State, 106 Ga. 519. An examination of these cases shows that the rulings made therein do not support such contention. In the case of Day the accused was forced to put his foot in a track which had been made in the earth. The plaintiff in error in that case was indicted for the offence of burglary, and it seems that whether he made a certain track or not was material evidence in the case, and in order to furnish evidence that he did, he was compelled to put his foot in the track in order that it might be ascertained whether he made the track in question, and it was testified on the trial that the shoe which the plaintiff

in error wore, at the time that he was so compelled, fitted the track. In the case of *Blackwell* it became a material question to ascertain the place at which the prisoner's leg was amputated, and by order of the court the prisoner stood up and exhibited his leg to the view of a witness who then testified to the jury that the leg of the prisoner was cut off below the knee. In the case of *Evans*, a person not under arrest was compelled by two policemen to surrender a pistol. On the trial the testimony by one of the policemen was, that the prisoner had the pistol in his hand under his coat, and it was concealed "so I could not see it until after I compelled him to give it up." In each of these cases it will be observed that the person charged with crime was forced to do something which furnished evidence against him on his trial. In one, he was forced to put his foot in a track, thus furnishing evidence that it was his track. In another, he was compelled by order of the judge to exhibit his leg to a witness then testifying, to identify him with certain marks apparently made by a man in his condition. In the third, the person charged with carrying concealed weapons was forced to draw from underneath his coat a pistol which the officers had reason to believe he had, and by drawing it from his coat furnished the evidence that he had it concealed. In the case at bar, however, the plaintiff in error was not compelled to furnish any evidence at all. The sheriff simply searched him and found a pistol concealed in his pocket. Whether the search was lawful or unlawful can make no difference as to the admissibility of the evidence. The question is, did he have a concealed pistol about his person? It was the sheriff who furnished the evidence, and not the prisoner. This point has been expressly ruled by this court in the case of *Williams* v. *State*, 100 *Ga.* 511, against the contention of the counsel for the plaintiff in error. In that case, presiding Justice Lumpkin delivered a well-considered opinion in which it is said: "We know of no law in Georgia which renders inadmissible in evidence the fruits of an illegal and wrongful search and seizure; nor are we aware of any statute from which it could be logically gathered that the admission of such evidence violates any recognized principle of public policy." So that,

even admitting that the search of the person of the plaintiff in error by the sheriff was illegal—which it does not appear to be, — the evidence of the sheriff was nevertheless admissible.

2. The facts related by the defendant in his statement to the jury were sufficient of themselves to authorize a verdict of guilty of the offense with which he was charged. He stated that he had the pistol, had it in his hand, that when he saw the sheriff coming he dropped it in his pocket, and the sheriff searched him and found it in his pocket. So that, in any event, the conviction must properly stand.

*Judgment affirmed. All the Justices concurring.*