# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1906.

---

### DUREN v. CITY OF THOMASVILLE.

1. One accused of violating an ordinance of a municipality is not entitled to a trial by jury when arraigned in the municipal court.
2. Evidence tending to establish the guilt of one accused of crime, procured by an unlawful search of the premises of the accused before he is charged with the commission of the offense, is admissible against him upon his trial therefor, although he protested against such search and seizure at the time they were made.
3. Neither the superior court nor this court can consider questions raised in a petition for certiorari that were not before the trial judicatory.

Submitted February 19,—Decided March 22, 1906.

Petition for certiorari. Before Judge Mitchell. Thomas superior court. December 26, 1905.

*Theodore Titus,* for plaintiff in error. *W. C. Snodgrass,* contra.

BECK, J. Duren was convicted, in the mayor's court of Thomasville, of having on hand for sale certain intoxicating liquors. He applied to the judge of the superior court for a writ of certiorari, alleging, that the verdict was contrary to the evidence; that the mayor erred in refusing to allow him a trial by jury, and in refusing to exclude certain evidence; and that the verdict was contrary to law, in that the ordinance under which he was convicted was void. The certiorari was denied, and Duren excepted.

1. There is no merit in the contention of the accused that he was entitled to be tried by a jury. *Little* v. *Fort Valley,* 123 *Ga.* 503 (2).

2. The evidence admitted over the objection of the defendant, complained of in the petition for certiorari, was the following testimony of the city marshal, who had previously sworn that he

1

had been informed the accused was in possession of intoxicants: "I telephoned to Mayor Roddenbery and reported the matter to him. He told me over the 'phone to take the policemen and search Mr. Duren's [accused's] store, and, if we found any whisky or intoxicants, to seize them and bring them to him. I went with . . two policemen and searched Mr. Duren's store, over his protest, and found a quantity of intoxicants. It was in packages. We seized, and by order of the mayor we destroyed it. I have saved one of the bottles I seized, and have it here. [exhibiting bottle]. We had no warrant for Mr. Duren, or any other authority to search his place of business or seize his goods, except the order of the mayor over the 'phone. We did not arrest him before the search was made." This evidence was objected to on the ground that the marshal's information "was acquired by forcible and unlawful search of petitioner's premises and seizure of his goods under a verbal order issued by the mayor (he being the judge of said police court the day said order was issued), for the express purpose of procuring testimony upon which to found the charge against petitioner and upon which to subsequently try and convict him; and upon the further ground that the same was inadmissible, because in violation of the constitution and laws of Georgia, providing that no man shall be compelled to furnish testimony upon which to convict himself." That this evidence was admissible can not now be doubted. See the well-considered opinion in *Williams* v. *State,* 100 *Ga.* 511, where it was held that evidence is not inadmissible though it be "the fruits of an illegal and wrongful search and seizure." And, as clearly pointed out in the case of *Dozier* v. *State,* 107 *Ga.* 710, there is a vast difference between searching the premises of one suspected of crime and seizing any evidence of guilt, and compelling the person under suspicion to himself produce the evidence upon which he could be convicted. The criterion is, *who* furnished or produced the evidence? If the person suspected is made to produce the incriminating evidence, it is inadmissible. *Evans* v. *State,* 106 *Ga.* 519. But if his person or belongings are searched by another, although without a vestige of authority, the evidence thus discovered may be used against him. *Williams* v. *State,* supra. There is no contention that the defendant in the instant case furnished the evidence, the undisputed testimony being that it was

found by the marshal during his unlawful search. Hence we hold, that, under the repeated rulings of this court, the evidence was admissible.

3. The ground that the ordinance is void was not presented to the consideration of the trial court, and therefore will not be considered. *Hood* v. *Mayor, 113 Ga.* 190. The evidence warranted the verdict.          *Judgment affirmed.    All the Justices concur.*