## 2329.  JACKSON v. THE STATE.

1. As a general rule, the law requires a warrant in order to render an arrest legal, whether it be made by a policeman or by any other public officer.  There are three exceptions to this rule, viz.:   where an offense is committed in the officer's presence; where the offender is endeavoring to escape; and where, from other cause, there is likely to be a failure of justice, for want of an officer to issue a warrant.
2. Evidence of guilt, which the defendant, either directly or indirectly, is compelled to disclose by an unlawful search and seizure of his person under an illegal arrest, is not admissible in a criminal prosecution against him.

Accusation of carrying concealed weapon; from city court of Ocilla—Judge Oxford.    December 27, 1909.

Submitted January 13,—Decided February 10, 1910.

*Newbern & Meeks, Lankford & Dickerson,* for plaintiff in error.
*H. J. Quincey, solicitor,* contra.

RUSSELL, J.  The defendant was convicted upon an accusation charging him with the offense of carrying a concealed weapon.    He

made a motion for new trial, and excepts to the judgment refusing it. The evidence does not show that there was a voluntary disclosure on the part of the defendant of the fact that he had a pistol concealed, or that he did any act of his own motion which would afford circumstantial evidence sufficient to authorize his conviction. The evidence shows that the chief of police of Ocilla, suspecting that the defendant was implicated in a recent burglary, arrested him without a warrant, and forcibly searched his person; and, by this search, the fact that the defendant was carrying a pistol concealed was disclosed. Upon the trial the defendant objected to this evidence and moved to repel it, upon the ground that, it appearing that he was illegally arrested, and, while under such arrest, was searched and forcibly required to furnish testimony against himself, the evidence was in violation of the law providing that no person shall be compelled to give testimony tending in any manner to criminate himself. He moved also to rule the testimony out, and he requested the judge to charge the jury that if they found from the evidence that the officer, at the time of arresting him, had no warrant for making the arrest, or that no crime had been committed by him in the presence of the officer at the time of his arrest, or that he was not making any effort to escape, or that there was no apparent probability of a miscarriage of justice for lack of an officer to issue a warrant for his arrest, he should be acquitted. The defendant also requested the court to charge, "If you should find from the evidence submitted in this case that the arrest of the defendant was illegal, and that the pistol was taken from its place of concealment after such arrest, I charge you that such search would be illegal, that the evidence obtained by such search was illegal, and it would be your duty to find the defendant not guilty."

We think the judge erred in refusing the defendant's motion for a new trial. There are cases in which incriminating evidence secured by illegal search or seizure of the defendant's person or property has been held admissible; but in each of these cases the evidence thus obtained was some fact which might be explained by the defendant. The circumstance was in the nature of an incriminatory admission. In the cases where the fact disclosed by illegal search and seizure itself establishes the whole case, and no other circumstance can palliate the offense or relieve the guilt

of the defendant, such evidence is equivalent to a plenary confession; and even if admissible upon that theory, it must be shown that the disclosure was freely and voluntarily made. The difference between evidence which has the effect of a mere incriminatory admission, such as was passed upon in *Williams* v. `State, 100 Ga.* 515 (28 S. E. 624, 39 L. R. A. 269), and a case where everything is disclosed which is necessary to convict, is pointed out in *Smith* v. *State, 3 Ga. App.* 331 (59 S. E. 934). Measured by the test applied in *Duren* v. *Thomasville, 125 Ga.* 1 (53 S. E. 814) — "who furnished or produced the evidence?" — it is plain that the sheriff produced it by his illegal arrest; and, therefore, the evidence should not have been permitted in the first place, or, if erroneously admitted, should have been ruled out, upon the defendant's motion. Upon the motion for a new trial the judge should have considered this evidence as having no probative value, and should have set aside the verdict as being contrary to law.

The case, we think, turns on the point whether the arrest of the defendant for burglary was illegal. As was said in the *Smith* case, supra, "No decision of our courts prohibits the admission of evidence obtained in pursuance of a legal arrest."

It is conceded that the arresting officer had no warrant, that the burglary was not committed in his presence, that the suspected offender was making no effort to escape; and there was no evidence tending to show that there was likely to be a miscarriage of justice for the lack of an officer authorized to issue a warrant for the defendant's arrest. Consequently there can be no question that the arrest was illegal. Therefore, when the arresting officer, after having seized the prisoner, forcibly went through his person and discovered that he was carrying a pistol concealed, it was not the defendant, but the arresting officer, who produced the evidence. The circumstances preclude any inference that the disclosure was voluntary. If it had been, the conviction could be supported, even though the defendant was illegally arrested. As such does not appear from the record, under the facts in this case our decision is controlled by the rulings in *Hammock* v. *State, 1 Ga. App.* 126 (58 S. E. 66), *Hughes* v. *State, 2 Ga. App.* 29 (58 S. E. 390), and *Smith* v. *State, 3 Ga. App.* 329 (59 S. E. 934).

*Judgment reversed.*