### 3019. WRIGHT *v.* THE STATE.

POWELL, J. 1. Evidence of guilt which a defendant, either directly or in-directly, is compelled to disclose by an unlawful search and seizure of his person, is not admissible in a criminal prosecution against him, and a timely motion to exclude such evidence should be granted.

2. Where evidence is incidentally disclosed by an unlawful search or seizure, it is not thereby necessarily rendered inadmissible; but where the sole object of the search and seizure was to obtain that very evidence, and the defendant was thus involuntarily compelled (in obedience to the will and act of another) to reveal the evidence of a crime, which he would not have disclosed but for the fact that his volition was nullified or supplanted by that of another, who enforced disclosure, the evidence so obtained should not be received against the accused on his trial.

3. The criterion by which to determine as to the admissibility of testimony obtained by reason of an illegal search of the defendant's person is, Who furnished the evidence? If the evidence of guilt which it is sought to introduce would not have been disclosed, except by the defendant's being forced to disclose the incriminatory fact, then the fact or facts disclosed against the will of the accused are inadmissible against him.

*Judgment reversed.*

DECIDED APRIL 24, 1911.

Accusation of carrying concealed weapon; from city court of Dublin—Judge Hawkins. October 10, 1910.

*R. Earl Camp,* for plaintiff in error.

*W. C. Davis, solicitor,* contra.