### 6985. LUNCEFORD *v.* THE STATE.

BROYLES, J. 1. Under the ruling in *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814), there is no merit in the first and second grounds of the amendment to the motion for a new trial.

2. The charge of the court complained of was not erroneous for the reason assigned. It was more favorable to the defendant than a strictly accurate charge on the subject would have been.

3. There was some evidence to sustain the verdict, and, it having been approved by the trial judge, this court will not interfere.

*Judgment affirmed.*

DECIDED DECEMBER 9, 1915.

Accusation of misdemeanor; from city court of Washington— Judge Wynne. September 9, 1915.

Lunceford was convicted on an accusation charging him with having unlawfully kept on hand intoxicating liquors at his place of business, a barber-shop. The first and second grounds of the amendment to the motion for a new trial relate to testimony of I. T. Irvin Sr., chief of police of the city of Washington. Testimony of this witness, as to the discovery of whisky in the barbershop in which the defendant worked, was objected to, on the grounds that "the witness had no authority to arrest defendant or to search his premises;" that "the actions of the witness were of such a character as to intimidate and overawe the defendant and to compel him to furnish evidence to incriminate him," and were a violation of his rights under the constitution; that "the conduct and acts of the witness violated the rights of defendant under the constitution of the United States, which forbids illegal search and arrest, and that evidence obtained by such violence and violation was inadmissible."

The witness testified: L. M. Lunceford's barber-shop is one room with two barber-chairs in it. One chair is operated by L. M. Lunceford, the other by Chat Ware. On the 14th of August, 1915, I gave a marked silver half-dollar to a boy to get me some liquor. I saw him go into the barber-shop of L. M. Lunceford. In about

thirty minutes the same boy I gave the money to came to me and gave me the pint-bottle here. I went immediately to the barber-shop of defendant and I went up to defendant and said, "I've got you; let me see what you have got in your pockets." He pulled out his money and laid it on the shelf or counter like. I noticed the marked half-dollar at once and picked it up; then I asked him where his liquor was. He said there was none in there, and to show me he opened a drawer, then one box. Then I told him to open the other box, which was on the other side of the room. He said it was Chat Ware's box and he did not have the keys, as Chat Ware had gone to supper with the keys in his pocket. I then told him I would have to break it open if he did not open it, but he said he did not have any key to it. I told him to open the first drawer, which he did. I noticed a bunch of keys and took them out myself and opened the box. I found one full pint of liquor, same brand as the boy gave me, also another pint-bottle with a small quantity in it. It had the same brand or label on it. I found another empty pint-bottle on the floor in the room. He made no protest as to getting the keys nor to my taking the money off the shelf. In fact he ran his hand in his pocket and pulled it out as soon as I asked him. After I got the money Mr. Coombs took charge of the defendant when I opened the box. I had no search warrant to search the place, nor warrant to arrest the defendant. Defendant made no objection to it. Chat Ware was not in the room at this time. It is one room without any separation.

*Colley & Colley,* for plaintiff in error.

*F. W. Gilbert, solicitor,* contra.