## 6098. SMITH v. THE STATE.

1. On the trial of a criminal case, relevant incriminatory evidence, which was taken from the person of the accused by one who had illegally arrested him, and which was discovered by a search of the person of the accused while he was under such illegal arrest, is admissible against him.

(a) The admission of such evidence, so obtained, against the accused, does not contravene the constitutional provision that "No person shall be compelled to give testimony tending in any manner to criminate himself." Nor does it violate the constitutional prohibition of unreasonable searches and seizures.

2. The incriminating evidence taken from the person of the accused in this case while he was under illegal arrest was properly admitted against him.

3. The verdict is supported by the evidence; no error of law appears; and the court did not err in overruling the motion for a new trial.

DECIDED FEBRUARY 28, 1916.

Accusation of carrying concealed weapon, etc.; from city court of Macon—Judge Hodges. September 11, 1914.

*W. A. McClellan,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BROYLES, J. Will Smith was arrested in the city of Macon by a police officer, without a warrant, on the complaint of a citizen that he had committed the offense of larceny, and after the officer made the arrest he searched the defendant and found a pistol concealed in his pocket. The only witness in the case testified as follows: "I am a police officer of the city of Macon. I was such on the 11th day of June of this year when I arrested the defendant Will Smith. I had no warrant for him. He had committed no crime in my presence and was not endeavoring to escape. He was on Cherry street, city of Macon, in Bibb County, Georgia, going in the direction of the American National Bank, where he works, at the time I arrested him. I arrested him on a larceny complaint made by Mr. John Wilson. After his arrest I searched him and found in his right hip-pocket a pistol. He had on a coat. The pistol was concealed at the time I arrested him and I did not know he had it until I searched him. I took the pistol from his pocket myself. He was under arrest at the time I made the search. He made no objection when I searched him and I pulled the pistol out of his pocket myself."

The defendant in the court below objected to this evidence, on the ground that it was procured by the unlawful search and illegal arrest of the defendant, and that the defendant was compelled by the officer to furnish the incriminating evidence against him, in violation of the constitutional provision of this State that "No person shall be compelled to give testimony tending in any manner to criminate himself." The trial judge overruled the objection and admitted the evidence, and the defendant excepted.

While the majority of the court considered that this question had already been definitely settled by numerous decisions of the Supreme Court (*Franklin* v. *State,* 69 *Ga.* 36, 47 Am. R. 748; *Drake* v. *State,* 75 *Ga.* 413; *Woolfolk* v. *State,* 81 *Ga.* 551, 8 S. E. 724; *Rusher* v. *State,* 94 *Ga.* 363, 21 S. E. 593, 47 Am. St. R. 175; *Myers* v. *State,* 97 *Ga.* 76, 25 S. E. 252; *Williams* v. *State,* 100 *Ga.* 511, 28 S. E. 624, 39 L. R. A. 269; *Evans* v. *State,* 106 *Ga.* 519, 32 S. E. 659, 71 Am. St. R. 276; *Dozier* v. *State,* 107 *Ga.* 708, 33 S. E. 418; *Sanders* v. *State,* 113 *Ga.* 267, 38 S. E. 841; *Springer* v. *State,* 121 *Ga.* 155, 48 S. E. 907; *Duren* v. *Thomasville,* 125 *Ga.* 1, 53 S. E. 814; *Goolsby* v. *State,* 133 *Ga.* 427, 66 S. E. 159) in favor of the admissibility of material and relevant evidence in a criminal case, although obtained by the unlawful search of the defendant's person or premises after he had been illegally arrested; yet as Chief Judge Russell held a contrary opinion, which was sustained by quite a number of the decisions of this court (among others, *Hammock* v. *State,* 1 *Ga. App.* 126, 58 S. E. 66; *Hughes* v. *State,* 2 *Ga. App.* 29, 58 S. E. 390; *Stewart* v. *State,* 2 *Ga. App.* 98, 58 S. E. 395; *Gainer* v. *State,* 2 *Ga. App.* 126, 58 S. E. 295; *Sherman* v. *State,* 2 *Ga. App.* 148, 58 S. E. 393; *Sherman* v. *State,* 2 *Ga. App.* 686, 58 S. E. 1122; *Smith* v. *State,* 3 *Ga. App.* 326 (59 S. E. 934); *Davis* v. *State,* 4 *Ga. App.* 318, 61 S. E. 404; *Glover* v. *State,* 4 *Ga. App.* 455, 61 S. E. 862; *Jackson* v. *State,* 7 *Ga. App.* 414, 66 S. E. 982; *Wright* v. *State,* 9 *Ga. App.* 266, 70 S. E. 1126; *Underwood* v. *State,* 13 *Ga. App.* 206, 78 S. E. 1103); and as a constitutional question was involved, the majority of the court thought it best, in view of the apparent conflict between these decisions of the two courts, to certify the question to the Supreme Court, so that it might be definitely and decisively settled by a specific and authoritative ruling from the highest judicatory of the state. The Supreme Court (all the Justices con-

curring), in *Calhoun* v. *State,* and *Smith* v. *State,* 144 *Ga.* 679, held: "1. On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening the constitutional provision that 'No person shall be compelled to give testimony tending in any manner to criminate himself.' (*a*) The constitutional guaranty is not limited to the protection of a witness testifying in a case. (*b*) Evidence obtained by an illegal and unauthorized search of one's person is admissible against him, and does not violate this constitutional guaranty. (*c*) But if the accused be compelled to produce the incriminating evidence, the evidence will be rejected as being in the nature of an involuntary admission. 2. Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures. The ruling in the case of *Williams* v. *State,* 100 *Ga.* 511, does not conflict with that of *Evans* v. *State,* 106 *Ga.* 519, as is clearly pointed out in *Duren* v. *Thomasville,* 125 *Ga.* 1."

The opinion of the court was as follows: "The Court of Appeals has requested instructions upon certain questions of law, relating to the admissibility of testimony, the nature of which will appear from the headnotes (which are intended as answers to the questions) and from the following discussion of them. As a general rule, courts will not concern themselves with the manner in which evidence is procured, if the evidence is otherwise admissible and of probative value. *Williams* v. *State,* 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Sanders* v. *State,* 113 *Ga.* 267 (38 S. E. 841); *Jackson* v. *State,* 118 *Ga.* 780 (45 S. E. 604). Rules of evidence exist to elicit truth. Irrelevancies which can have no other purpose than to cloud the real issues, or to confuse the investigation in hand for the sake of a matter that is not a part of it, as a matter both of practical expediency and of attaining the truth, have no place in a trial. The questions propounded by the Court of Appeals concern limitations on the general rule because of the constitutional restraint against compulsion of a person to give

testimony tending to criminate himself, and the constitutional prohibition against unreasonable searches and seizures.

"We will first consider, as bearing on the general rule, the constitutional mandate that 'No person shall be compelled to give testimony tending in any manner to criminate himself.' Its prototype is found in the maxim of the common law, nemo tenetur seipsum accusare, that no man is bound to accuse himself of any crime or to furnish any evidence to convict himself of any crime; and this was brought by our ancestors to America as a part of their birthright. *Marshall* v. *Riley,* 7 *Ga.* 367, 370. This maxim has been described as the 'expression of the unwritten common-law rights which had come to be recognized in England is revolt against the thumbscrew and rack of early days.' Thornton *v.* State, 117 Wis. 338 (93 N. W. 1107, 98 Am. St. R. 924). The privilege against self-incrimination has been uniformly construed by the courts as giving the citizen protection as broad as that afforded by the common-law principle from which it is derived. State *v.* Davis, 108 Mo. 666 (18 S. W. 894, 32 Am. St. R. 640); Shields *v.* State, 104 Ala. 35 (16 So. 85, 53 Am. St. R. 17). The constitutional guaranty protects one from being compelled to furnish evidence against himself, either in the form of oral confessions or incriminating admissions of an involuntary character, or of doing an act against his will which is incriminating in its nature. *Day* v. *State,* 63 *Ga.* 667; *Blackwell* v. *State,* 67 *Ga.* 76 (44 Am. R. 717); *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276); *Dozier* v. *State,* 107 *Ga.* 708 (33 S. E. 418); *Elder* v. *State,* 143 *Ga.* 363 (85 S. E. 97). But the constitutional privilege against self-incrimination has no application to the unlawful acts of individuals. Lawrence *v.* State, 103 Md. 17 (63 Atl. 96); *Sanders* v. *State,* 113 *Ga.* 267 (38 S. E. 841); *Drake* v. *State,* 75 *Ga.* 413; *Rusher* v. *State,* 94 Ga. 363 (21 S. E. 593, 47 Am. St. R. 175); *Goolsby* v. *State,* 133 *Ga.* 427 (66 S. E. 159). In *Rusher* v. *State* this court sustained a ruling of the trial court admitting in evidence against the accused, who was on trial for burglary, testimony showing that money, the fruit of his alleged crime, was found in a place of concealment, to which he had accompanied the State's witnesses and in which he had informed them that it was secreted, although it appeared that his declaration disclosing the location of the money was not freely and voluntarily

made. While the headnote in the case of *Drake* v. *State,* supra, restricts the application of the constitutional privilege to persons sworn as witnesses, an examination of the facts of the case will show that the actual ruling was that the constitutional privilege does not prevent the introduction in evidence or the exhibition to the jury of clothing or any other article taken from a person accused of crime, where they tend to show his guilt. In *Evans* v. *State,* supra, testimony to the effect that the accused while not under legal arrest was compelled to put his hand in his pocket and surrender a pistol, thus disclosing that he was violating the law, was inadmissible on the trial of such person for the offense of carrying a concealed weapon on that occasion. The evidence was excluded, not on the ground that the pistol was discovered after the accused was illegally arrested, but because he produced under compulsion the evidence of his guilt, and such act was in the nature of an involuntary confession. After examining the holding in the *Evans* case, this court held that evidence that a witness searched the person of the accused and discovered a concealed pistol on his person is not inadmissible because the witness may not have had a legal right to make the search. *Springer* v. *State,* 121 *Ga.* 155 (48 S. E. 907). The criterion is, who furnished or produced the evidentiary fact connecting the defendant with the crime? The true rule has been well stated by the Supreme Court of Alabama, as follows: 'However unfair or illegal may be the methods by which evidence may be obtained in a criminal case, if relevant, it is admissible, if the accused is not compelled to do any act which criminates himself, or if a confession or admission is not extorted from him, or drawn from him by appliances to his hopes and fears.' Shields *v.* State, supra.

"With respect to the effect of the constitutional provision against unreasonable searches and seizures on the general rule regarding the admissibility of incriminatory evidence discovered by a wrongful search of the defendant's person or premises, the ruling in *Williams* v. *State,* supra, is conclusive. There the court held that it was not error, on the trial of a criminal case, to admit against the accused evidence showing that she had upon her person and about her premises articles the possession of which, though not in itself criminal, tended to establish her guilt of the offense with which she was charged, notwithstanding it appeared that the

discovery of these articles was made by forcibly entering her house and there searching the same and her person without any warrant or authority of law.   Although the search and seizure may have been unlawful, unwarranted, unreasonable, and reprehensible, this did not affect the admissibility of the evidence obtained as a result thereof.   In the opinion a wealth of precedents from this and other courts is collated, and the discussion of the principle is so exhaustive that it is unnecessary to attempt to add to what is there said.   The analysis of the case of Boyd *v.* U. S., 116 U. S. 616 (6 Sup. Ct. 524, 29 L. ed. 746), by the Justice who wrote the opinion is clear, and finds approval in the recent cases of Interstate Com. Com. *v.* Baird, 194 U. S. 25 (24 Sup. Ct. 563, 48 L. ed. 860) ; Hale v. Henkel, 201 U. S. 43 (26 Sup. Ct. 370, 50 L. ed. 652) ; Adams *v.* New York, 192 U. S. 585 (24 Sup. Ct. 372, 48 L. ed. 575).   We think the rule was correctly applied in the excerpt from *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814), embodied in the question by the Court of Appeals: 'And, as clearly pointed out in the case of *Dozier* v. *State,* 107 *Ga.* 710, there is a vast difference between searching the premises of one suspected of crime and seizing any evidence of guilt, and compelling the person under suspicion to himself produce the evidence upon which he could be convicted.   The criterion is, who furnished or produced the evidence?   If the person suspected is made to produce the incriminating evidence, it is inadmissible. *Evans* v. *State,* 106 *Ga.* 519.   But if his person or belongings are searched by another, although without a vestige of authority, the evidence thus discovered may be used against him.   *Williams* v. *State,* supra.' "

It is unnecessary to attempt to add anything to the foregoing definite and clear-cut ruling of the Supreme Court on the questions involved.   The effect of this decision is, of course, practically to set aside all previous contrary rulings of this court on the subject.

The judgment overruling the motion for a new trial is

*Affirmed.*

Russell, C. J., concurring specially.   I concur only because I am legally compelled to do so under the decision of the Supreme Court.