### 7478. TERRY v. THE STATE.

WADE, C. J. Under an indictment for manufacturing intoxicating liquor, the defendant was found guilty of "attempting to make whisky." The evidence was sufficient to support the verdict, and the trial judge did not err in overruling the motion for a new trial, based only upon the general grounds that the verdict was contrary to law and the evidence, etc.

(a) The evidence was sufficient to show that the accused had done more than make mere preparation for the commission of the crime, and that he was guilty of overt acts in furtherance of his attempt to manufacture intoxicating liquors.                    *Judgment affirmed.*

DECIDED JUNE 27, 1916.

Indictment for misdemeanor; from Jasper superior court—Judge Park. April 18, 1916.

*Eugene M. Baynes,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

---

### 7500. PRUETT v. THE STATE.

BROYLES, J. 1. Upon the trial of a criminal case, relevant incriminatory evidence procured by an unlawful search of the defendant's premises is admissible in evidence against him. *Duren* v. *City of Thomasville,* 125 *Ga.* 1 (53 S. E. 14). See also *Smith* v. *State,* 144 *Ga.* 679 (87 S. E. 893); Id. 17 *Ga. App.* 693 (88 S. E. 42).

2. The evidence was sufficient to authorize the conviction of the accused, and the judge of the superior court did not err in overruling the petition for certiorari.                    *Judgment affirmed.*

DECIDED JUNE 27, 1916.

Certiorari; from Gwinnett superior court—Judge Brand. April 24, 1916.

*Moore & Moore, S. M. Ledford,* for plaintiff in error.

*John B. Gamble, solicitor-general, E. O. Dobbs,* contra.