### 10066.   HARRIS v. THE STATE.

BROYLES, P. J.  1. Each ground of the motion for a new trial must be complete within itself. The first ground of the amendment to the motion for a new trial complains of the court's refusal to rule out the following testimony of a named witness: "We went to Sam Harris's house together, we were at his home. I found in his kitchen 12 or 15 cases of canned syrup, about 12 gallons to the case, and 15 sacks, of two bushels to the sack, of meal." This testimony was objected to on the ground that it was illegal because the witness had no search-warrant to search the defendant Harris's premises. It is not shown, though, in this ground of the motion, that the witness did not have such a warrant. Accordingly this ground raises no question for adjudication by this court. However, if such fact had been shown, the evidence, under the rulings in *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814), *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42), and *Calhoun* v. *State,* 17 *Ga. App.* 705 (88 S. E. 586), was admissible.

2. When considered in the light of the charge of the court as a whole and the facts of the case, the excerpt from the charge, complained of in the

2d ground of the amendment to the motion for a new trial, while somewhat confusing and not entirely accurate, does not require a new trial.

3. The remaining special ground of the motion for a new trial is virtually abandoned in the brief of counsel for the plaintiff in error, and therefore will not be considered.

4. The conviction was authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 1, 1918.

Indictment for manufacture of intoxicating liquor; from Bibb superior court—Judge Mathews. July 29, 1918.

*John R. Cooper, E. W. Butler,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.