## 9882.　CORLEY v. THE STATE.

1. Under the present prohibition laws of this State there is no independent crime of keeping for sale intoxicating liquors, distinct from the crime of having, controlling, and possessing such liquors.

2. "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible

in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure."

DECIDED FEBRUARY 26, 1919.

Indictment for violation of prohibition law; from Crawford superior court—Judge Mathews. May 4, 1918.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BLOODWORTH, J. 1. The indictment contained two counts. The charge of the court restricted the jury to the consideration of the first count, which alleged that the defendant did "have, control, and possess intoxicating liquors," and of that portion of the second count which alleged that he did "keep for sale alcoholic liquors." Section 1 of the act of the General Assembly passed at the extraordinary session in 1917 (Act Ex. Sess. 1917, p. 8) names the following liquors: "any spirituous, vinous, malted, fermented, or intoxicating liquors, or any of the prohibited liquors or beverages, as are defined in the act approved November 17, 1915, being 'an Act to make clearer and more certain' the prohibition laws of this State, etc., or any alcoholic compound or malt or liquors whether intended for beverage purposes or not, but which can be diluted, and when so diluted may be used as a beverage and will produce intoxication," and then provides that "It shall be unlawful for any corporation, firm, person or individual . . to have, control or possess in this State any of said enumerated liquors or beverages whether intended for personal use or otherwise." The words, "whether intended for personal use or otherwise," are exclusive, and, no matter for what purpose intended, it is unlawful for any person to "have, control, or possess" any of the liquors enumerated in that section; and where an indictment charges that such liquors were kept for sale, the words "for sale" may be stricken as immaterial, as they are not "descriptive of the identity of that which is legally essential to the claim or charge." This being true, the two counts of the indictment were practically the same. Under the present prohibition laws of this State there is no independent crime of keeping for sale intoxicating liquors, separate and distinct from the crime of having, controlling, and possessing such liquors. From the above it will be seen that the two counts under which the defendant was tried charged the commission of one offense in two different ways. Section 1 of the act of 1917, supra, making it a misdemeanor to have, control, or possess intoxicating liquors, is so general in its terms

that it embraces the crime of keeping for sale, as provided by section 2 of the act passed at the extraordinary session of 1915. (See Acts Ex. Sess. 1915, p. 80, sec. 2.) Although the judge told the jury that the charge in one of these counts embraced the charge in the other, he also told them that they could convict on both counts of the indictment, and they returned a general verdict of guilty; and while the judge imposed only one sentence, in imposing it he may have taken into consideration the fact that the verdict was on both counts and made the sentence heavier for that reason. Though convicted on two counts, the defendant was convicted of but one crime. He made no statement, and the evidence for the State absolutely demanded a verdict of guilty of "having, possessing, and controlling intoxicating liquors." It is therefore ordered that the judgment be affirmed, with the direction that the trial judge may in his discretion resentence the defendant, as having been convicted under only the first count of the indictment.

2. The court did not err in allowing evidence as to the whisky found at the home of the defendant, the objections to its introduction being that the same "was the fruits of an illegal search and seizure," and that the witness "had not seen the defendant commit any crime in his presence, and he had no search warrant to search his home, and it is in contravention of both the State and Federal constitutions." "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures. The ruling in the case of *Williams* v. *State,* 100 *Ga.* 511 [28 S. E. 624, 39 L. R. A. 269] does not conflict with that of *Evans* v. *State,* 106 *Ga.* 519 [32 S. E. 659], as is clearly pointed out in *Duren* v. *Thomasville,* 125 *Ga.* 1 [53 S. E. 814]." *Calhoun* v. *State,* 144 *Ga.* 679 (2) (87 S. E. 893). See also *Calhoun* v. *State,* 17 *Ga. App.* 705 (88 S. E. 586); *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42).

*Judgment affirmed, with direction. Broyles, P. J., and Stephens, J., concur.*