## 13316.  EDWARDS *v.* THE STATE.

The ground of the motion for a new trial as to evidence obtained by illegal search falls within the ruling in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893).

The ground relating to testimony as to the complaint which caused the witness to go to the defendant's house in search for whisky is without merit.

DECIDED APRIL 11, 1922.

Accusation of possessing liquor; from city court of Floyd county — Judge Nunnally. January 30, 1922.

A witness who stated that he was a Federal prohibition officer testified, that when hunting whisky and trying to get evidence against the defendant, because of " a complaint that he had some," he`(the witness) went to the defendant's house, and the defendant, who was standing in the yard and saw him approaching, ran into the house, fastened the back door, and began trying to burst something; the witness heard a jug " rattle when it went apart, " and smelled whisky, and broke in a door and entered a room, where he found a jug containing whisky. The witness testified: " I asked Mr. Edwards [the defendant] if he didn't never intend· to quit dabbling with liquor, and he says, ' No, I reckon not;' said he had to live some way, and he reckoned that was about the easiest way." On the ground that the provisions of the constitution of the United States against search without warrant, and as to compulsion of a person to criminate himself, had been violated in obtaining the evidence, the admission of parts of the testimony of this witness was complained of in the motion for a new trial.

The admission of the testimony as to the complaint which caused the witness to go to the defendant's house was alleged to be error because " it sought and had a tendency to establish the charge in controversy by hearsay and incompetent evidence." It does not appear from the motion for a new trial that any objection to testimony was made at the trial.

*M. B. Eubanks, Henry Walker,* for plaintiff in error.

*James Maddox, solicitor,* contra.

LUKE, J. The defendant was convicted of violating the prohibition law. The special ground of his motion for a new trial falls squarely within the ruling of the Supreme Court in the case of *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893). This court is

bound to follow the precedents of the Supreme Court. The special assignments of error are without merit. The evidence authorized the defendant's conviction, and his conviction has the approval of the trial judge. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*