## 25005. FITZGERALD *v.* THE STATE.

DECIDED OCTOBER 22, 1935.

*Feagin & Feagin,* for plaintiff in error.

*O. L. Long, solicitor,* contra.

BROYLES, C. J. 1. "Testimony as to other transactions disconnected with that with which the defendant stands charged in the indictment, in both time and circumstance, may be used to show motive, scheme, or plan, and indeed the very nature or animus of the defendant when necessary either to identify and fix the offense upon him, or indeed to disclose the intent with which the accused acted, if there be doubt as to the intent with which the crime was committed. It is true that under the rule the jury are to receive evidence of the commission of previous crimes only for the purposes specified, and not for the purpose of determining by this alone the guilt of the accused. In other words, the jury are forbidden, although they have this evidence of the character and nature of the defendant, to convict him 'upon general principles,' as that expression is sometimes used in general parlance." *Crawford* v. *State,* 49 *Ga. App.* 801 (4) (176 S. E. 92), and cit. Under the foregoing ruling, the court did not err in admitting the testimony as complained of in special ground 1 of the motion for a new trial.

2. "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures. The ruling in the case of *Williams* v. *State,* 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269), does not conflict with that of *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276), as is clearly pointed out in *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814)" *Calhoun* v. *State,* 144 *Ga.* 679 (2) (87 S. E. 893). In view of this ruling and the facts of the instant case, special grounds 2 and 3 of the motion for a new trial are without merit.

3. The charge of the court upon the contentions of the parties was fair, and sufficiently comprehensive in the absence of a timely written and appropriate request for more detailed instructions.

4. The evidence was sufficient to authorize the defendant's conviction of the offense charged, to the exclusion of every other reasonable hypothesis; and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur specially.*

MacIntyre, J. I think the testimony of the possession of liquor on other occasions tended to prove that the defendant *knowingly* had the intoxicating liquor in his possession, and that it was therefore competent. See concurring opinion in *Phillips* v. *State,* 51 *Ga. App.* 675 (181 S. E. 233, 234). I also think the evidence admissible for the reason given in Judge Guerry's special concurrence infra. I concur in the judgment of affirmance.

Guerry, J. The other transactions were with reference to possession of whisky at other times within the statute; and the charge itself being in general terms, evidence of such other transactions was admissible as constituting the crime alleged. I concur in the judgment of affirmance.