### 33398. CARR *v.* THE STATE.

GARDNER, J. (*a*) The defendant was arrested and accused in November, 1949 for having in her possession one pint and nine jars of non-tax-paid whisky. She was convicted in March, 1950. Application for certiorari was duly made and granted. On the hearing the judge of the superior court overruled and dismissed the certiorari. On this judgment error was assigned here to the January term, 1951.

(*b*) The jury were authorized to find from the evidence, in fact there is no evidence that materially conflicts, that: The officers without a search warrant, went to the home of the defendant, where she lived with her husband. Upon their arrival at the defendant's home, the officers were invited in. One of the officers went into the house where the defendant was, while the other officer went to the back of the house in his search for contraband whisky. The officer who entered the house engaged in a conversation with the defendant, and during the conversation he observed the imprint of a pint bottle in the blouse of the defendant. He asked her to let him see the pint bottle, and she stated that she had no pint bottle in her blouse. She raised up her arms and the officer touched the bottle and with his fingertips pushed the bottle upward and the neck of the bottle protruded from her blouse, and the officer took the bottle by the neck and removed it from her blouse. The defendant was not at this time under arrest. The officer was still trying to locate contraband whisky. The defendant was thereafter put under arrest along with her husband and both of them were accused of the illegal possession of non-tax-paid whisky. They were tried together, on separate accusations. We are not here concerned with the case of the husband of the defendant. The officer who went to the back of the dwelling house and inside the garden of the accused and her husband, located the nine jars of non-tax-paid whisky. The defendant, as stated above, was accused of the illegal possession of a pint of whisky which the officer received possession of in the manner above stated and the nine jars of non-tax-paid whisky found in the garden. The defendant's husband was accused

and tried for the illegal possession of the nine jars of whisky found in the garden. Officers had visited these same premises on several occasions before November, 1949.

(c) So we will deal with the defendant's case regarding the pint of non-tax-paid whisky which was introduced in evidence. Regardless of the evidence as to a number of drinking glasses found in the house and other empty jars of a similar nature found in the house, counsel for the defendant contends that the securing by the officer of the pint of whisky in the manner above detailed, was incompetent evidence for the reasons that the manner of procuring such evidence violated her constitutional rights as to unlawful search and seizure and amounted to compelling her to produce evidence against herself. This question has been dealt with many times by our appellate courts and is not now an open question. It has been many times held in similar cases that the contentions of counsel on behalf of the defendant in this record are without merit. One of the most recent cases is that of *Hunter* v. *State*, 81 *Ga. App.* 797 (60 S. E. 2d, 187). In that case this court called attention to and quoted from a decision of the Supreme Court (*McIntyre* v. *State*, 190 *Ga.* 875, 11 S. E .2d, 5, 134 A.L.R. 813). In the quoted part of that decision this court referred to *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893). In the *Calhoun* case the Supreme Court was dealing with this identical question certified to it by the Court of Appeals. The Supreme Court in the *Calhoun* case went into the question now before us, discussing the case of *Evans* v. *State*, 106 *Ga.* 519 (32 S. E. 659), which last case counsel for the defendant here cites and relies on. There is nothing further that we can add to what the appellate courts have already said on this question.

The court did not err in overruling and dismissing the certiorari.

*Judgment affirmed. MacIntyre, P.J., concurs. Townsend, J., concurs specially.*

Townsend, J., concurring specially. Existing Supreme Court decisions which are binding on the Court of Appeals require my concurrence in the decision in this case. See *Calhoun* v. *State*, 144 *Ga.* 679; *Winston* v. *State*, 79 *Ga. App.* 712 (54 S. E. 2d, 354). My concurrence is on the theory that the officer illegally searched the person of the defendant, located the pint of liquor in her bosom, and extracted it himself. Had she, at his insistence, removed the pint of liquor herself she would have thereby been compelled to produce evidence against herself, in violation of the constitutional provision that "no person shall be compelled to give evidence tending in any manner to criminate himself." Code §§ 2-106, 1-805, and such evidence would not have been admissible. See *Evans* v. *State*, 106 *Ga.* 519 (32 S. E. 659); *Day* v. *State*, 63 *Ga.* 667.

Decided January 25, 1951. Rehearing denied March 26, 1951.

*William A. Thomas*, for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, William Hall*, contra.