34804.   GRANT *v.* THE STATE.

DECIDED SEPTEMBER 19, 1953.

746

*Titus, Altman & Johnson,* for plaintiff in error.

*Marcus B. Calhoun, Solicitor,* contra.

TOWNSEND, J. The specific assignment of error here is directed against the admission into evidence, over objection, of the lottery tickets which the defendant pulled from his pocket and handed over upon being ordered to do so by one of a group of police officers, several of whom were armed with pistols, the defendant having been apprehended and brought to police headquarters without a warrant under circumstances which made his arrest illegal. The constitutional immunity from being forced to self-crimination is one of the most cherished guarantees of our Bill of Rights. Even today, when, in the national scene, Congressional investigations of Communist activities have on occasion been brought to a stand-still because those with whom we have no patience continually take shelter under its broad protection, and even though justice is sometimes slowed as a result, there is no American who, for the sake of mere expediency, would part with so important and fundamental a part of our concept of government, involving, as it does, the sacredness of human rights. As was stated in *Underwood* v. *State,* 13 *Ga. App.* 206 (78 S. E. 1103): "Courts should liberally construe the constitutional provision against compelling the ac-

cused to be a witness against himself, and refuse to permit any first or doubtful steps which may invade his rights in this respect."

Nevertheless, although we are free with our lip service to these cherished precepts, the laws of this State, as construed by the courts, have crystallized by hard lines of demarcation what ought to be a fluid and living principle. Under existing Supreme Court cases, there is no doubt that the products of an unlawful search or seizure, reprehensible as it may be, may be used in evidence against the defendant in a criminal case, and if it is what one owns, wears, or has in his possession which witnesses against him, rather than what he is *compelled to do*, the evidence is admissible. *Myers v. State*, 97 *Ga.* 76 (6) (25 S. E. 252); *Williams v. State*, 100 *Ga.* 511 (1) (28 S. E. 624); *Calhoun v. State*, 144 *Ga.* 679 (1) (87 S. E. 893); *Evans v. State*, 106 *Ga.* 519 (32 S. E. 659); *Dozier v. State*, 107 *Ga.* 708 (33 S. E. 418); *McIntyre v. State*, 190 *Ga.* 872 (11 S. E. 2d 5). It is also well settled by Georgia Supreme Court decisions that the element of coercion must be absolutely established. A request, command, or order to surrender that which will incriminate, where acceded to without "the utmost resistance"—even under circumstances where overpowering force is present and it is obvious that resistance would be futile—is treated as a "voluntary confession," and the evidence so handed over is admissible. *Franklin v. State*, 69 *Ga.* 36 (3) (47 Am. R. 748); *Johns v. State*, 178 *Ga.* 676 (1) (173 S. E. 917); *Shepherd v. State*, 203 *Ga.* 635 (3) (47 S. E. 2d 860). Under the decisions in the last-mentioned cases, the defendant here must be deemed to have voluntarily surrendered the lottery tickets when he drew them out of his pocket and handed them over on being told by the police officers that they "wanted the other tickets." He was under an illegal arrest, he was outnumbered and unarmed, two or three of the police officers at least had pistols. Had he resisted, it is obvious that the evidence could have been forcibly obtained and that it would then have been admissible. No actual threat was made to him, yet, certainly, the circumstances themselves, without the aid of any overt gesture, would have constituted sufficient threat to the average man. The writer, speaking for himself alone, is not in accord with the decisions in the *Franklin, Johns,* and

*Shepherd* cases, supra, and abides by them only because the Constitution and laws of this State require that the Court of Appeals conform to the decisions of the Supreme Court. It is the writer's opinion that decisions such as these keep gnawing away at the Bill of Rights, one paragraph, one section, one provision at a time, until finally there will be no such thing in this country. The writer is of the opinion that the courts of this State should revise their judicial attitude toward the Bill of Rights and restore it to the people whom it was originally designed to protect against the unauthorized and unwarranted acts of their public servants.

Under the decisions above cited, the trial court did not err in allowing the documentary evidence over objection and in thereafter denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., concurs, and Carlisle, J., concurs in the judgment.*