### 37577. JONES *v.* THE STATE.

GARDNER, Presiding Judge. The defendant was convicted in the City Court of Albany on charges of carrying a concealed weapon. The court denied the amended motion for new trial and the defendant excepts here.

Deputy Sheriff Lamar Stewart testified that on or about September 24th he and another deputy were investigating a robbery and entered an eating place where they saw three boys sitting at a table, one of whom was the suspect for whom they were looking; that they asked the boys to stand up, whereupon they observed a bulge in the pocket of the defendant, which was a 25-caliber automatic pistol, fully loaded.

The defendant in his statement said that the officers examined his billfold and also discovered the pistol but that he had just gotten the pistol from a cousin and was taking the pistol home; that he was minding his own business and was not looking for trouble.

Counsel for the defendant contend that there are only two issues in this case and that is whether or not the defendant was guilty of the offense charged and whether he was made to produce evidence against himself. The officers found the concealed weapon on the person of the defendant, which was sufficient to support the charge as to the general grounds. As to whether or not the defendant was forced to produce evidence against himself, the Supreme Court in an opinion in answer to questions certified by the Court of Appeals went into this question at great length in *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893). And the Supreme Court there discussed the holding in *Evans* v. *State*, 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. Rep. 276) to the effect that where officers searched a witness and discovered a concealed pistol on his person,

such evidence is "not inadmissible because the witness may not have had a legal right to make the search." P. 682. The Supreme Court cited many other cases in regard to this same point and summarized by saying that if the person or belongings of a defendant "are searched by another, although without a vestige of authority, the evidence thus discovered may be used against him." P. 683. The facts of that case are on all-fours with facts of the case at bar.

Counsel for the defendant cite and rely on *Day* v. *State of Ga.*, 63 *Ga.* 667 (2) for reversal of the instant case. In that case the defendant was forced to put his foot in certain tracks and the court ruled that evidence elicited in this manner is not admissible. In *Blackwell* v. *State of Ga.*, 67 *Ga.* 76 (1) (44 Am. Rep. 717), the court required a defendant to exhibit his amputated leg to a witness. The court held in that case that such amounted to a defendant being required to give evidence against himself. In *Elder* v. *State*, 143 *Ga.* 363 (1) (85 S. E. 97) the defendant was in the custody of the sheriff, handcuffed, and, under command of the sheriff, he was directed to put his foot in tracks and the court held that this was coercion, even though no physical force was used. In *Jackson* v. *State*, 7 *Ga. App.* 414 (2) (66 S. E. 982) evidence was adduced after an illegal arrest. The facts in that case are somewhat similar to the case at bar but are not on all-fours with the facts here. For the same reason *Hammock* v. *State*, 1 *Ga. App.* 126 (2) (58 S. E. 66) (cited in *Jackson* v. *State*, supra) is not applicable to the facts of the case at bar. It will be noted that none of the cases cited by counsel for the defendant have facts sufficiently like the facts of the instant case to require a reversal of the case at bar.

The judge, in charging the jury, cited and quoted from *Calhoun* v. *State*, 144 *Ga.* 679, supra, in the instant case. This charge is not cause for reversal and the court did not err in any of the rulings made.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 17, 1959.

*E. L. Smith*, for plaintiff in error.
*Rosser Malone, Solicitor*, contra.