## TURNER *v.* THE STATE.

1. A person accused of a misdemeanor in the city court of Griffin has no right, under the constitution of this State or under the act creating that court, to demand indictment by the grand jury in the superior court.
2. Where in empaneling a jury in a criminal case a principal challenge for cause is made by the accused to certain named jurors, the question thus raised has always been one for determination by the trial judge, and he does not, as under our practice in the case of a challenge to the favor, stand in the place of the common-law triors. His decision is, therefore, not final, but, on questions of law, is subject to review by this court.
3. Where such principal challenge was made on the ground that the challenged jurors had served on the jury which convicted another person charged with the same offense in a case involving the same transaction, and nothing was shown the court to indicate that the two cases in fact involved the same transaction, depended upon the same evidence, or were in any way connected with each other, there was no error in overruling the challenge and refusing to set aside the jurors when they had qualified themselves by their answers to the questions usually propounded.
4. There is no error in permitting a witness to testify that he " tried " to do a certain thing, when his diligence in so doing is not in issue and the extent of his endeavors may be ascertained by the objecting party by cross-examination of the witness.
5. The evidence was sufficient to authorize the verdict.

Argued October 21,— Decided December 19, 1901.

Accusation of misdemeanor. Before Judge Hammond. City court of Griffin. July 5, 1901.

*T. E. Patterson* and *T. W. Thurman,* for plaintiff in error.
*O. H. P. Slaton, solicitor,* and *F. D. Dismuke,* contra.

SIMMONS, C. J. 1. Turner was accused, in the city court of Griffin, of the offense of gaming. He filed a demand for indictment, and objected to being tried on an accusation without indictment. His demand was overruled by the court, and he complained

of this ruling in his bill of exceptions to this court. In the act establishing the city court of Griffin (Acts 1897, p. 467, sec. 22) it is enacted "that defendants in criminal cases in the city court of Griffin may be tried upon written accusation . . signed by the prosecutor or by the prosecuting officer of the said city court." In *Gordon* v. *State,* 102 *Ga.* 673, this court held: "The constitution of this State does not guarantee the right to demand indictment by the grand jury in misdemeanor cases; and it therefore follows that an act providing that the accused, in cases falling within the jurisdiction of a designated city court, shall not have the right to demand indictment, is valid and constitutional." If in the present case the plaintiff in error had no constitutional right to demand an indictment, his rights in that regard must be determined by the act establishing the court in which he was tried. While that act does not, like the one considered in *Gordon's* case, expressly provide that the accused shall not have the right to demand indictment by the grand jury, it does provide that he may be tried upon an accusation, and it fails to give him any right to an indictment. No such right is given him either by the constitution or by statute. The ruling in *Gordon's* case is, therefore, controlling in this, and fully sustains the action of the trial judge in overruling the demand of the accused for indictment by the grand jury.

2. Exception is also taken to the overruling of a challenge made by the accused to the poll of three named jurors who were upon the panel put upon the accused and among the jurors who tried him. Taking together the recitals in the bill of exceptions and the motion for new trial, it appears that each of these jurors, upon being put upon his voir dire, was asked if he had not been on the jury that tried and convicted M. L. Pryor and W. M. Beeks of the same charge at a previous term of the court, and that each answered in the affirmative. "Whereupon defendant challenged the poll of said jurors, and moved the court to set them aside for cause," upon the ground that they had been on the jury "that tried the cases of The State *vs.* M. L. Pryor and W. M. Beeks, which involved the same transaction as this case;" "and asked that they be set aside and their places filled." This the court refused to do, as the jurors had each qualified by his answers to the usual questions propounded upon voir dire.

In dealing with this exception we are first confronted by nu-

merous decisions of this court to the effect that where a challenge to the poll is made to certain jurors and they are put upon the judge as trior, his decision is final and can not be reviewed by this court. Under the common-law practice, challenges for cause were divided into two classes: principal challenges or challenges for principal cause, and challenges to the favor. The principal challenge showed a cause which, positively or by necessary legal implication, disqualified the juror from sitting in the case. The challenge to the favor was grounded on circumstances raising a suspicion of the existence of actual bias in the mind of the juror for or against a party. Thomp. & Mer. Jur. §§ 152, 175; 1 Thomp. Trials, § 40; 12 Enc. Pl. & Pr. 429. "At common law a challenge for principal cause was tried by the court on the testimony of the juror, to the exclusion of other evidence, and if found true the juror was incompetent *per se*. If the challenge was to the favor, as for undue influence and prejudice, the challenge was tried by two triors under the direction of the court, on testimony other than that of the juror; and where the common-law practice prevails, substantially the same distinction is preserved." 12 Enc. Pl. & Pr. 468. Thus, while it is usual now to admit other evidence than that of the juror himself, the trial of a principal challenge is, in other respects, substantially as it has always been. The court still decides the question, which is principally a question of law, and its decision is subject to review. In case of a challenge to the favor, the decision of the triors under the common-law practice, being essentially the determination of a question of fact, was considered final and conclusive. Thomp. & Mer. Jur. § 237; 1 Thomp. Trials, § 99; 12 Enc. Pl. & Pr. 472. Under our system, where the court is substituted for the triors to decide challenges to the favor (*Reid* v. *State*, 20 *Ga.* 688), the court's decision as to such a challenge is on a footing with that of the triors, and is final and conclusive. Thomp. & Mer. Jur. §§ 238, 249 et seq.; 1 Thomp. Trials, § 100; 12 Enc. Pl. & Pr. 470. "The decision of the judge, as trior, can no more be made a ground of error before this court than the verdict of triors could have been." *Galloway* v. *State*, 25 *Ga.* 596. See also *Licett* v. *State*, 23 *Ga.* 57; *Nesbit* v. *State*, 43 *Ga.* 248; *Dumas* v. *State*, 63 *Ga.* 600; *Williams* v. *State*, 69 *Ga.* 12 (9), 29; *Simmons* v. *State*, 73 *Ga.* 609; *Fogarty* v. *State*, 80 *Ga.* 450 (8), 459; *Vann* v. *State*, 83 *Ga.* 41 (15), and cases cited. The same reason

by no means obtains in case of a principal challenge; for there the court determines what has always been within its province and what is generally a question of law. In several of the cases just above cited no allusion is made to this distinction, but in every such case the challenge seems to have been to the favor and the decision of the case therefore right.

A challenge should be so made as to show clearly whether it is a challenge to the favor or for principal cause. If the party elect to make a challenge to the favor, the decision therein is final, even though the evidence show facts which would have supported a principal challenge. Thomp. & Mer. Jur. § 205. And it is not error for the court to overrule a principal challenge when the facts shown constitute a good basis for a challenge to the favor but not for the challenge which the party has elected to make, — a principal challenge. In the present case the jurors were not put upon the judge as a trior of a challenge to the favor, but he was asked to set them aside for cause, on the ground that their answers on their voir dire had shown that they were disqualified to try the case. Thus the accused followed the course prescribed by our code for making principal challenges, and he introduced no further evidence, but relied entirely upon the facts which had already been elicited from the jurors themselves. We must therefore treat the challenge as having been for principal cause. The decision of the court on such a challenge is, under what we think the great weight of authority, subject to review before this court on questions of law. See, in addition to the authorities cited above, Thomp. & Mer. Jur. § 232, and Ex parte Vermilyea, 6 Cow. 555.

3. We think, however, that there was no error in the ruling complained of in the present case. The challenge was made for principal cause, on the ground that these jurors had served on a jury which had convicted Pryor and Beeks on a charge of gaming, and that those cases involved the same transaction as this. The answers of the jurors had substantiated the stated grounds of challenge in so far as to show that these jurors had served on the jury which convicted Pryor and Beeks at a previous term of the same court on a charge of gaming; but these answers did not show that the cases related to or involved the same transaction or evidence. That the evidence subsequently adduced on the trial of the case on the merits showed that the accused was charged with playing cards with

Pryor and Beeks can make no difference ; for the ruling of the judge must be considered in the light of such facts only as were shown up to that time.    With regard to those facts his ruling was made, and with regard to them must it be reviewed.    The present plaintiff in error was accused of gaming.    The accusation was not joint, but was against Turner only.    It did not show with whom he was accused of having " played and bet," nor did it name any person other than the accused.    The challenge made was based entirely upon the answers of the challenged jurors, and those answers did not show that the cases against Pryor and Beeks and against the accused in-involved the same transaction, or depended upon the same evidence, or were otherwise connected in any way with each other.    As to this very material matter the challenge was, therefore, wholly unsupported and was properly overruled by the trial judge.

4.  The motion for new trial also assigns error on the admission of the testimony of the sheriff of the county, that for some time he had tried to find the accused and had finally located him at another place.    This evidence was objected to by the accused " on the ground that it was a conclusion and not competent for a witness to say he tried to do anything, but should state what he did and let the jury decide."    The sheriff had just before testified that when the case against the accused was first called, his bond was forfeited and new warrants issued for him, and that the accused was arrested at another place and brought back to Griffin.    This evidence seems to have been introduced to show, as a circumstance tending to show the guilt of the accused, that he had fled from Griffin.    The diligence of the sheriff in searching for him was not an issue in the case, and the accused had the right, by cross-examination, to ascertain just what efforts were made by the officer. Under such circumstances we find no error in the action of the trial judge in overruling the objections made to the admission of this evidence.

5.  The evidence was amply sufficient to warrant the verdict, and the trial judge committed no error in overruling the motion for new trial.

*Judgment affirmed.    All the Justices concurring, except Little, J., absent.*