## HICKS *v.* THE STATE.

1. Where a juror by his answers to the questions propounded on the voir dire qualifies as competent, his disqualification is not established by the bare fact that he, together with some five hundred other persons, signed a petition addressed ꞇo the judge, requesting that a special term of court be convened for the purpose of trying the defendant, the petition reciting that petitioners feel that the facts and circumstances connected with the killing of the person slain by the defendant "more than amply justifies. the court in calling a special term of the court for the purpose above requested."

ATKINSON, J., dissenting. Under the facts stated, the juror was not legally competent, and should have been discharged for cause.

2. Neither the evidence nor the prisoner's statement presented the theory of voluntary manslaughter; and it was therefore proper for the court to decline to instruct the jury on that grade of homicide.

Argued June 20,—Reargued July 20,—Decided July 27, 1906.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. May 23, 1906.

*J. A. Hixon,* for plaintiff in error. *John C. Hart, attorney-general,* and *F. A. Hooper, solicitor-general,* contra.

EVANS, J.   Jonas Hicks was found guilty, without recommenda-
tion, of the murder of Jarrett J. Davis, and to the judgment over-
ruling his motion for a new trial he excepts.

1. In the impaneling of the jury, the statutory questions were
propounded to three jurors who, by their answers to these questions,
qualified as being competent and impartial.   The defendant chal-
lenged their competency and put them upon the court as a trior,
relying solely upon the following petition, signed by them, to prove
their incompetency:  "To the Hon. Z. A. Littlejohn, Judge of
the Superior Court of said County.   We, the undersigned citizens
of Sumter County, respectfully request and urge that a special term
of court be called for the purpose of trying Jonas Hicks, who re-
cently killed Jarrett Davis, of the 15th District of Sumter County,
Ga.; the facts and circumstances connected with said killing we
feel more than amply justifies the Court in calling a special term
of the Court for the purpose above requested."   This being the
only evidence offered by the movant to show the alleged disqualifi-
cation of the jurors, the court held the jurors competent.   In his
certificate to this ground of the motion for a new trial, the judge
certifies that the petition was signed, not only by the three jurors
whose competency was questioned, but also by about five hundred
other citizens, some five weeks before the special term of court at
which the defendant was tried.

Every person accused of crime is entitled, under the constitution,
to a trial by an impartial jury.   When the competency of a juror
is challenged on the ground of favor, and conflicting evidence is
submitted to the judge, who acts as a trior, his ruling as such trior
upon the disputed facts is final and will not be reviewed by this
court.   *Moon* v. *State,* 68 *Ga.* 688.   It is otherwise where the chal-
lenge is what is known at common law as challenge for principal
cause.   *Turner* v. *State,* 114 *Ga.* 421.   This kind of challenge is
based upon alleged facts from which, if proved to be true, incapac-
ity to serve is conclusively presumed.   Treating the cause urged
against the juror's competency as one of principal challenge, let
us inquire if the signing of the petition was such an act as to dis-
qualify the juror as a matter of law.   When the juror qualifies
himself by his answers to the statutory questions propounded to
him on the voir dire, he is to be deemed a competent and impartial
juror, and the burden is upon the defendant to show his disquali-
6

fication. *Dumas* v. *State*, 63 *Ga.* 600. There is nothing in the petition signed by the jurors to indicate any bias on their part against the accused, nor does the language used give any intimation of any opinion entertained by them as to his guilt or innocence. The only reason assigned in the petition for requesting the convening of a special term of court for the purpose of trying the accused was that the petitioners felt that "the facts and circumstances connected with said killing" more than amply justified the judge in calling a special term of the court. These jurors swore that they had not expressed any opinion based on any evidence delivered under oath, as to the guilt or innocence of the accused, or from having seen the crime committed, and were perfectly impartial between the State and the accused. Their information concerning the facts and circumstances connected with the homicide was, so far as appears, obtained from rumor. The mere fact of their signing a petition, with five hundred other citizens, urging the propriety of giving the defendant a speedy trial, in no wise suggested that these jurors had any fixed opinion as to the guilt of the accused or were otherwise disqualified from serving upon the jury empaneled to try him. The defendant made no effort to show that in point of fact the jurors had formed or expressed any opinion, or had been active in circulating the petition and urging others to sign it, or had been guilty of any conduct indicating their bias and prejudice against the accused. On the contrary, counsel for the accused relied upon the petition as affording conclusive evidence of the partiality of the jurors who signed it, and insisted that, as matter of law, no amount of proof going to show that the jurors really had formed no opinion as to the guilt of the accused and were impartial as between him and the State would suffice to overcome the presumption of prejudice against him to be drawn from the naked fact that they had joined with others in presenting that petition to the court. We can not assent to the proposition that this petition affords the basis for any such legal presumption as will exclude all inquiry into the real truth concerning the fitness of the persons who signed it to act as jurors. To hold otherwise would be to arbitrarily disqualify all jurors included within the five hundred citizens who joined in the petition. In *Dumas'* case, 63 *Ga.* 600, one of the jurors who was attacked as incompetent admitted on examination that he had heard a part of the evidence delivered

by one of the witnesses on a former trial of the case, and that he, with others, had arrested men charged with the same crime, without warrant, and carried them to the county site, where they were released; and yet this court ruled that these admissions by the juror were insufficient to prove that he was incompetent, after he had qualified himself as a juror by his answers to the statutory questions propounded to him on the voir dire. In *John* v. *State,* 16 *Ga.* 200, it appeared that one of the jurors who tried the case had, just before he was sworn in chief, remarked that if he was on the jury, he would hang the prisoner. The juror did not deny that he made this remark, but explained that it was made as a mere idle jest, and that he did not then know who had been killed, or what negro was to be tried, and that he had made up his verdict solely on the evidence and the law as given in charge. Accordingly, this court held that, treating this explanation as true, the juror was not disqualified. The evidence relied on by the defendant in the present case, even if suggestive of an inference that the jurors may have formed an opinion that the accused was guilty of the crime with which he was charged, did not raise any conclusive legal presumption of disqualification, nor was this evidence sufficient to overcome the sworn statements of the jurors, made on the voir dire, that as matter of fact they were impartial between the State and the accused, and were otherwise competent to sit upon the jury.

2. The defendant complains that the court refused, on written request, to give in charge to the jury the law of voluntary manslaughter as contained in the Penal Code, § 65. The case made by the State was the wanton slaying of an unarmed man who was merely trying to prevent the renewal of a personal difficulty between the accused and a fellow laborer, and had done no more than advance towards the accused and call upon him to surrender his pistol. The defendant by his statement sought to justify the killing upon the theory of a threatened attack upon him by the deceased and his brother. The evidence for the State made a case of murder; the statement of the accused presented only the theory of self-defense; neither remotely suggested voluntary manslaughter, and the court properly declined to instruct the jury upon that grade of homicide.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., dissenting.*