## 6097. CALHOUN *v.* THE STATE.

1. Under the rulings made by the Supreme Court in this case on the questions certified to that court, there is no merit in the several special grounds of the motion for a new trial.

2. "On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening the constitutional provision that 'No person shall be compelled to give testimony tending in any manner to criminate himself.'" *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893).

3. The evidence authorized the conviction of the accused, and the trial judge did not err in overruling the motion for a new trial.

DECIDED FEBRUARY 28, 1916.

Accusation of carrying concealed weapon, etc.; from city court of Macon—Judge Hodges. October 3, 1914.

*Walter Defore, Charles H. Garrett, A. L. Dasher,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

WADE, J. It clearly appears, from the answers to the several questions certified to the Supreme Court by this court in the above-stated case, that the existing conflict in principle between the definite ruling of the Supreme Court in *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814), together with the obiter expressions in *Williams* v. *State,* 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269), and *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276), on the one hand, and the various decisions of this court commencing with and based upon the case of *Hammock* v. *State,* 1 *Ga. App.* 126 (58 S. E. 66), on the other, has been finally and conclusively resolved by the definite pronouncement of the Supreme Court referred to in the second headnote above. It is unnecessary to do more in this case than to refer to the clear statement of the law controlling it, made by the Supreme Court, and to add to the quotation given in the foregoing headnote the following from the headnote by the Supreme Court: "Evidence obtained by an illegal and unauthorized search of one's person is admissible against him, and does not violate this constitutional guaranty. But if the accused be compelled to produce the incriminating evidence, the evidence will be rejected as being in the nature of an involuntary admission. Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are ad-

missible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures. The ruling in the case of *Williams* v. *State,* 100 *Ga.* 511, does not conflict with that of *Evans* v. *State,* 106 *Ga.* 519, as is clearly pointed out in *Duren* v. *Thomasville,* 125 *Ga.* 1." See also *Smith* v. *State,* ante, 693.

*Judgment affirmed. Russell, C. J., concurs specially.*