### 7217. HORNBUCKLE v. TOWN OF DECATUR.

WADE, J.   1. The writ of certiorari in a criminal or quasi-criminal case can not be granted or sustained on the ground that the venue was not proved in the trial court, or that the time of the commission of the offense was not proved, unless there is a distinct allegation, in the petition for the writ, of failure to prove the venue or time, and an assignment of error as to such matters. Acts of 1911, p. 149.

(a) The petition for certiorari contains no distinct allegation that the venue was not proved in this case; and therefore this court need not consider the contention in the brief of counsel for the plaintiff in error that the evidence failed to disclose a violation by the defendant, within the corporate limits of Decatur, of the ordinance under which he was tried and convicted.

2. There is no merit in the assignment of error complaining that the court erred in admitting in evidence certain whisky taken from the possession of the defendant by the officer who arrested him without a warrant, without knowledge at the time that he had committed any crime to authorize such an arrest, or that he was a fugitive from justice, or was seeking to escape after having committed the crime. "On the trial of a criminal case, relevant incriminatory evidence, which was taken from the person of the accused by one who had illegally arrested him, and which was discovered by a search of the person of the accused while he was under such illegal arrest, is admissible against him. The admission of such evidence, so obtained, against the accused, does not contravene the constitutional provision that 'no person shall be compelled to give testimony tending in any manner to criminate himself.' Nor does it violate the constitutional prohibition of unreasonable searches and seizures." Smith v. State, 17 Ga. App. 693 (88 S. E. 42). See also Calhoun v. State, and Smith v. State, 144 Ga. 679 (87 S. E. 893), and Calhoun v. State, 17 Ga. App. 705 (88 S. E. 586).

3. The evidence was amply sufficient to authorize the conviction of the accused, and the judge of the superior court did not err in overruling the certiorari.       *Judgment affirmed.*

DECIDED APRIL 24, 1916.

Certiorari; from DeKalb superior court—Judge Smith. December 18, 1915.

*Albert Kemper, C. C. Hornbuckle,* for plaintiff in error.

RUSSELL, C. J., concurring specially. I agree to the rulings in paragraphs 1 and 3 of the decision. I concur in the ruling in paragraph 2 only because I am compelled thereto by the rulings cited.