### 28780.   HALL v. THE STATE.

GARDNER, J. ▮ The court did not err in refusing, as a proper challenge to the qualifications of jurors, to allow the "defendant to qualify the jurors as to whether they had contributed to the 'lottery investigation' held in Fulton County, and whether they had been witnesses before the grand jury as to the operation of the lottery known as the 'number game'" in Fulton County, Georgia. Such contributions or appearances as witnesses do not, ipso facto, inherently affect the qualifications of jurors.

"Generally speaking, identity of names is prima facie evidence of identity of persons." *Shuler* v. *State*, 125 *Ga.* 778, 782 (54 S. E. 689). An indictment and a verdict of guilty thereon on a former charge of operating a lottery were not "inadmissible for the reason that there was no affirmative proof of the identity with the accused of the person convicted on the former occasion." *Williams* v. *State*, 62 *Ga. App.* 679 (3) (9 S. E. 2d, 697).

Where the evidence showed that the defendant was controlling and operating an automobile in the pocket of which were found three sacks of lottery tickets bearing current dates, totaling about $100 in bets and representing forty-two writers, and was operating the car about half an hour before two o'clock p. m., the closing time of the stock exchange, by which time it was necessary that all bets be transported and assembled at the headquarters of the operators, the court did not err in admitting in evidence a former indictment and conviction thereon about two and a half years previously on a lottery charge, where the court charged the jury specifically that this evidence was admitted only for the purpose of showing knowledge, motive, intent, plan, scheme, design, as matters dependent on the defendant's state of mind as involved, as material elements of the particular offense for which he was being tried.

The remaining assignments of error are without merit. The court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

·DECIDED FEBRUARY 11, 1941. REHEARING DENIED MARCH 27, 1941.

*W. R. Bentley,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

ON MOTION FOR REHEARING.

GARDNER, J. ■ When this case was called for trial, the record reveals as taking place between counsel for the plaintiff in error and the court the following: Mr. Bentley: "I wish to qualify these jurors as to whether they have contributed any funds to the lottery investigation held in Fulton County in 1938, and whether or not any of them were witnesses before the grand jury on those cases and have formed or expressed any opinion as to the operation of the lottery known as the number game in Fulton County, Georgia." The court: "All right, but if you put all those questions together, I will not allow you to qualify them." Mr. Bentley: "I will have to leave it all together." This is all that the record reveals as to any challenge of jurors to the polls. There was no contention that there was a challenge to the array. There are many

decisions of this court and the Supreme Court dealing with the right of a defendant to challenge to the polls jurors in misdemeanor cases and the manner in which it should be done. We do not deem it necessary to go into any lengthy discussion and citation of authorities, either as to the well-established right or the proper manner of doing so. A casual reading of the record as above set out, in the light of authorities herein cited, should suffice. "The mere fact that one is a witness will not of itself disqualify him as a juror." *Jacobs* v. *State*, 1 *Ga. App.* 519, 520 (57 S. E. 1063).

The Supreme Court, in *Sullivan* v. *Padrosa*, 122 *Ga.* 338 (50 S. E. 142), held: "Trial by jury necessarily means trial by an impartial jury. The constitution in terms declares that the jury in criminal cases shall be impartial. Civil Code, § 5702 [2-105]. Under the English practice, when the competency of a juror in a criminal case was challenged, the court placed the juror upon his voir dire, and propounded, or caused to be propounded to him, such questions as would demonstrate whether he was partial or impartial in the particular case. This was the practice in Georgia prior to 1856. In that year the act now embraced in the Penal Code, § 975 [59-806], was passed, which provided that certain questions should be asked in felony cases to determine a juror's competency in the particular case. The juror's competency can be generally determined by his answers to the statutory questions; but it has been held that it is proper for the court to explain to the jury the full intent and meaning of these questions, in order that the answers by the juror may be intelligent; and while the settled rule seems to be that neither the State nor the accused has a right to ask any additional questions, the court may in its discretion properly explain to the juror the meaning of the statutory questions. *Pines* v. *State*, 21 *Ga.* 227 (2); *Dumas* v. *State*, 65 *Ga.* 471 (3); *Fogarty* v. *State*, 80 *Ga.* 450 (9) (5 S. E. 782); *Woolfolk* v. *State*, 85 *Ga.* 69 (9) (11 S. E. 814). In misdemeanor and civil cases there is no statutory provision regulating the method to be adopted by the court in determining the competency of the juror; but the settled rule is that either party has a right to request that the jurors be put upon their voir dire in order that their competency may be determined. When such request is made it is the duty of the court to propound, or cause to be propounded, such questions as will test the competency of the jurors to pass upon the issues in the case.

The questions to be asked in each case are to be determined by the court, and what shall be the character and number of the questions is left largely to the discretion of the judge, who must keep in mind all the time the object to be attained, that is the determination of whether the minds of the jurors are in such a condition that they can pass fairly and intelligently upon the issues to be submitted to them. See *Justices of Inferior Court* v. *Plank Road Co.*, 15 *Ga.* 39, 41; *Howell* v. *Howell*, 59 *Ga.* 145; *Holton* v. *Hendley*, 75 *Ga.* 847 (2); *Haney School Furniture Co.* v. *Hightower Institute*, 113 *Ga.* 289, 293 (38 S. E. 761); Penal Code, § 855. While counsel may suggest questions to be asked, they have no right to insist that questions as framed by them shall be adopted by the court. In this case counsel did not ask that the jurors be put upon their voir dire and each be interrogated as to his competency, but merely requested that three questions as framed by him should be submitted to each juror. The court might with propriety have adopted two of these questions, but the third was not a proper question to be propounded to the jurors. If the jurors had been put upon their voir dire, of course it should have been explained to them what was the general character of the case, who were the parties, and then they should have been required to answer whether they stood impartial between these parties and their minds were free from bias or prejudice for or against either. . . There being no general challenge of the jurors on the panel for partiality, but the request being simply that three questions submitted to the court should be propounded to the jurors, and one of them being improper, the judgment will not be reversed for a failure to comply with the request of counsel to submit such questions to the jury." See *Nobles* v. *State*, 127 *Ga.* 212 (56 S. E. 125).

Thus it is readily seen that even after the trial judge suggested the method of procedure for the defendant to pursue in testing the qualifications of the jurors, the defendant made no effort to comply, and made no request that the jurors be put on voir dire. Therefore the court did not err, under the facts of this case, in refusing to allow the defendant to proceed further along this line in defendant's own chosen method.

■ It is insisted that the court overlooked the many decisions of the appellate courts of this State, regarding the assignment of error to the admission of evidence over objection as to a former

plea of guilty of the defendant for the same offense for which he was on trial. "In the case of *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897), it was said: 'Where one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. While this rule is general and subject to few exceptions, still there are some exceptions; as, when the extraneous crime forms part of the res gestæ; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense, or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged.'" *Booth* v. *State,* 160 *Ga.* 271, 274 (127 S. E. 733). The evidence objected to comes well within the exceptions, and no error was committed in the admission of the same.

■ As to the general grounds, the cases of *Jones* v. *State,* 64 *Ga. App.* 308 (13 S. E. 2d, 91), and *Chandler* v. *State,* 63 *Ga. App.* 304 (11 S. E. 2d, 103), are different in their facts from those in the case at bar. It would serve no good purpose to relate these differences here. The evidence supported the verdict.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*