### 29057. FLAGG v. THE STATE.

DECIDED SEPTEMBER 17, 1941.

*James R. Venable, Frank A. Bowers, B. J. Dantone,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was convicted in the criminal court of Fulton County of operating a lottery, known as the "number game," for the hazarding of money. His certiorari was overruled in the superior court and that judgment was assigned as error. The evidence disclosed that the arresting officers saw the defendant riding on a bicycle, about 10:45, during the time when the "pick-up" men of the lottery operators were picking up the tickets which had been bought from the "writers" by various persons. When the defendant saw the officers approaching him, he jumped off the bicycle and ran, but was caught by them. A large number of lottery tickets, all bearing the date of September 14, 1940 (the day of the defendant's arrest), were found on the defendant's person underneath his shirt. Under the above-stated evidence, and the stipulation, entered into by both parties during the trial, showing that the lottery known as the number game was in operation in Fulton County on September 14, 1940, and describing the manner in which it was operated, including its "writers" or sellers of the tickets, and its "pick-up" men who collect the tickets or money from other agents of the lottery, the trial judge, sitting without the intervention of a jury, was authorized to find that the defendant was aiding and abetting, as a "pick-up" man, in the operation of the lottery, and therefore that the defendant (the operation of the lottery being a misdemeanor) was guilty of operating the lottery. See *Morrow* v. *State,* 63 *Ga. App.* 264 (10 S. E. 2d, 762), and cit.

The tickets found in the defendant's possession were material to the case and were properly admitted in evidence, over the objections that they were immaterial and were obtained by an unlawful search of the defendant's person. "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure." *Calhoun* v. *State,* 144 *Ga.* 679 (2) (87 S. E. 893) ; *Turk* v. *State,* 55 *Ga. App.* 732, 735 (191 S. E. 283) ; *McIntyre* v. *State,* 190 *Ga.* 872 (11 S. E. 2d, 5). The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*