## 30301.   BENTLEY *v.* THE STATE.

DECIDED JANUARY 6, 1944.

492 .

*Stevens & Stevens, Carroll D. Colley,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

GARDNER, J. ■ The general grounds of the motion for new trial are not argued by counsel for the defendant in error. There are three special grounds. Grounds 1 and 2 assign error because the court admitted in evidence, over objection of the defendant, the testimony of the witness Beasley (the substance of which we have set forth in the facts), for the reason that his testimony showed that the evidence against the defendant for illegally transporting liquor was obtained by forcibly taking the keys to the trunk of the car from her, and was thus rendered inadmissible; that the manner in which Beasley obtained the keys was in effect to force her to produce evidence against herself.

Special ground 3 assigns error because the court permitted the sheriff to testify concerning the confession of the defendant as set out in the statement of facts. This assignment of error is on the ground that since the defendant was forcibly compelled to produce the keys, which was the basis of the evidence against her, that any statement the defendant made concerning the evidence thus illegally procured was tainted at the source, and was impure and unsound as a foundation on which to establish a confession.

Thus it will be seen that the gist of the assignment of error on the special grounds of the motion is that the manner of procuring

the testimony introduced against the defendant was in violation of her constitutional right as contained in art. 1, sec. 1, par. 6 of the constitution of Georgia to the following effect: "No person shall be compelled to give testimony tending in any manner to criminate himself." Therefore this is the question before us for determination. It can not very well be disputed that the State troopers were authorized to arrest the defendant for operating her motorvehicle on the public highways of the State without first procuring a license tag. The Code, §§ 68-9908, 27-207, and 68-201, clearly establish their authority to do so. The principle now under consideration has been the subject of considerable discussion by our appellate courts. We will refer to a few comparatively recent decisions on the question. In *Calhoun* v. *State*, 144 *Ga*. 679 (87 S. E. 893), the Supreme Court said: "On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening the constitutional provision that 'No person shall be compelled to give testimony, tending in any manner to criminate himself.'" Also, in *McIntyre* v. *State*, 190 *Ga*. 872 (11 S. E. 2d, 5, 134 A. L. R. 813), we find: "Under repeated decisions of this court, the admission in evidence in a State-court trial of articles taken from the defendant and his automobile by State officers without a search warrant would not violate art. 1, sec. 1, par. 6, or art. 1, sec. 1, par. 16, of the constitution of this State (Code, §§ 2-106, 2-116), prohibiting unreasonable searches and seizures and compulsory self-incrimination." It would seem from a reading of the above cases that it is immaterial whether the evidence was procured under an illegal custody. In a more recent case (*Hyde* v. *State*, 196 *Ga*. 475, 26 S. E. 2d, 744), the court had this to say: "A letter and envelope, containing incriminating admissions, contended by the State and denied by the defendant to be in the handwriting of the defendant who was on trial for the offense of murder, such envelope and letter having been taken from the person of the accused pursuant to a search while he was in legal custody, was properly admitted in evidence, it being a question for the jury to determine whether such handwriting thereon was that of the defendant, other admitted handwriting of the defendant also having been introduced in evidence for the pur-

pose of comparison. Nor was it error to admit these papers in evidence over defendant's objection that they were taken from him without authority, and that he was thus required to give testimony against himself." Therefore it must be concluded, under the facts of this case, from the standpoint of the State's testimony, that the evidence was not inadmissible. *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276); *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42); *Calhoun* v. *State,* 17 *Ga. App.* 705 (88 S. E. 586); *Jackson* v. *State,* 7 *Ga. App.* 414 (66 S. E. 982); *Underwood* v. *State,* 13 *Ga. App.* 206 (78 S. E. 1103), cited by plaintiff in error are distinguishable by their facts from the case at bar. They are not controlling if the testimony submitted by the State is accepted rather than the statement of the defendant given in her defense, even if her statement is sufficient basis to hold that the testimony was illegally procured.

The evidence sustained the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*