## 30869. CROFT *v.* THE STATE.

DECIDED OCTOBER 30, 1945. REHEARING DENIED DECEMBER 12, 1945.

*Isaac M. Wengrow, Charles G. Bruce,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

MacIntyre, J. L. V. Croft was tried and convicted on an accusation charging him with keeping, maintaining, and operating "a lottery known as the number game for the hazarding of money." His certiorari was overruled and dismissed, and error is assigned on that judgment. The State introduced evidence explaining the manner and operation of the lottery known as the "number game;" that the "number game" was in operation in Fulton County on the day of the alleged offense and at the time of the defendant's arrest; and that the officers found some "pickup sheets" on the defendant on the day when they arrested him. It was shown that these tickets were the kind used by "pickup men" in the operation of the "number game," and the evidence disclosed that these sheets represented the "previous day's work, and [that one of them] showed the work of eleven writers on one route."

■ Generally "voir dire" denotes the preliminary examination which the court may make of one presented as a juror, where his competency or qualifications are objected to. 44 Words & Phrases (Perm. ed.) 368. In felony cases in this State, the Code, § 59-806, gives the defendant the right to put the juror on "voir dire," have the juror sworn, and asked the five statutory questions which go to the juror's general qualifications; and a refusal to grant such right is reversible error (it should be noted, however, that the fifth question relates only to cases of capital punishment, and is not mandatory, except in such cases). This section does not attempt to define voir dire, nor does it exclude by its language all other questions not mentioned therein which may be asked the juror when put on the voir dire. In a felony case, the Supreme Court stated: "When a juror, after answering the prescribed statutory questions so as to appear prima facie competent, is put upon the presiding judge for further trial of his competency, the judge may decline to allow any other questions to be propounded to the juror, and may confine the investigation to evidence aliunde and its effect." *Cox* v. *State,* 64 *Ga.* 375 (3) (37 Am. R. 76); *Taylor* v. *State,* 13 *Ga. App.* 721 (79 S. E. 924).

In misdemeanor cases, when the defendant wishes the court to

make a preliminary examination of the competency of an individual juror by a challenge to the poll, it is not the proper procedure, if he wishes to challenge the juror "for favor" because of partiality, to say merely: "We wish to make a motion to poll the jury impaneled to try this case with the following questions: 1. Whether or not they have read an article appearing in the *Atlanta Constitution* [a copy of which was attached as exhibit 1 to such motion of the defendant]; and 2. As to whether any juror was prejudiced on account of said article against any defendant charged with lottery." In misdemeanor cases, there is no statutory provision regulating the method to be adopted by the court in determining the competency of the juror. The juror's competency, however, can be generally determined by his answer to the first four statutory questions stated in the Code, § 59-806. If either the State's counsel or the accused in a misdemeanor case suspects the impartiality of a juror and wishes to test the bias or partiality of a juror, he has the right to make a motion for a preliminary examination and request the judge to determine the qualification of the individual juror [this is what is referred to in technical language as putting the juror on "voir dire"]. And this is what is meant, in the abbreviated language of the courtroom, when counsel states that he challenges the juror for favor because of partiality and requests that the juror be upon the judge as trior. To put it another way, "either party has a right to request that the jurors be put upon their voir dire in order that their competency may be determined." *Nobles* v. *State,* 127 *Ga.* 212, 216 (56 S. E. 125). However, the movant should state the ground or grounds upon which he alleges that the juror is disqualified, and, if the court decides or determines that the objection urged, if true, would be a disqualification of the juror, "it is the duty of the court to propound or cause to be propounded such questions as will test the competency of the jurors to pass upon the issues in the case. The questions to be asked in each case are to be determined by the court, and what shall be the character and number of the questions is left largely to the discretion of the judge, who must keep in mind all the time the object to be attained, that is, the determination of whether the minds of the jurors are in such a condition that they can pass fairly and intelligently upon the issues to be submitted to them. . . While

counsel may suggest questions to be asked, they have no right to insist that questions as framed by them shall be adopted by the court." *Hall* v. *State,* 64 *Ga. App.* 644, 646, 467 (13 S. E. 2d, 868). Applying this rule to the instant case, a misdemeanor, the court did not abuse its discretion in refusing to allow counsel to propound such questions after, as shown by the record, the jury had been "impaneled and the issue joined." A challenge to the poll (the individual juror) is the proper challenge "to favor" for partiality. *Mitchell* v. *State,* 69 *Ga. App.* 771, 777 (26 S. E. 2d, 663); *Cobb* v. *Atlanta Coach Co.,* 46 *Ga. App.* 633 (168 S. E. 126); *Turner* v. *State,* 114 *Ga.* 421 (40 S. E. 308). And, in order to determine whether a juror or jurors are incompetent for such reason, a remedy is afforded not by challenge to the array, but by challenge to the poll, and each separate juror put upon voir dire to ascertain if he was partial before he assumed his duties as a juror in the trial of the case. *Thompson* v. *State,* 109 *Ga.* 272, 279 (34 S. E. 579). The challenge should be so made as to show clearly whether it is a challenge to the array or to the poll; and, if the challenge is to the poll, "it should be so made as to show clearly whether it is a challenge to the favor or for principal cause." *Turner* v. *State,* 114 *Ga.* 424 (supra). It seems to us that whatever the motion here was, it was not a challenge to the individual juror "to favor" because of partiality, in the manner provided by law. In a misdemeanor case, a juror, in order to be challenged "to favor" because of partiality, must be challenged by name, and put upon the judge as trior, before it can be held that the trial judge committed reversible error in not sitting as a trior of the juror's competency on such grounds of partiality. *Turner* v. *State, Thompson* v. *State,* supra; State *v.* Lautenschlager, 22 Minn. 514, 520 (3).

■ The defendant's contention in ground 6 (e) of the petition for certiorari, which made the "point that certain evidence offered by Lt. Petty [police officer] was inadmissible because obtained by an unlawful search and seizure, and therefore violated the fourth amendment of the same constitution," was decided adversely to the defendant in *McIntyre* v. *State,* 190 *Ga.* 872 (11 S. E. 2d, 5, 134 A. L. R. 813). See also *Bentley* v. *State,* 70 *Ga. App.* 490 (28 S. E. 2d, 660); *Flagg* v. *State,* 65 *Ga. App.* 791 (16 S. E. 2d, 516).

■

■ The evidence authorized the verdict, and the judge did not err in overruling and dismissing the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

Ground 2 of the motion for rehearing in effect states that we failed to pass upon the constitutional question raised in ground 6 (d) of the petition for certiorari. Upon a re-examination of the record, we can not discover that any constitutional question was raised in this ground, as the only time the word "Constitution" was mentioned in this ground referred to the Atlanta Constitution, a daily newspaper. This exception is without merit. Of course, a constitutional question based upon the disqualification of jurors can not be made for the first time by the plaintiff in error in his brief in this court. *Meeks* v. *Guckenheimer,* 102 *Ga.* 710 (supra).

This and all other matters in the motion having been considered, the motion for rehearing is denied.

*Broyles, C. J., and Gardner, J., concur.*