## 35333. JONES v. THE STATE.

CARLISLE, J. The defendant was tried and convicted in the Criminal Court of Fulton County of the offense of keeping, maintaining, and operating a lottery in Fulton County known as the "numbers game" for the hazarding of money. By stipulations, which were introduced in evidence, it was agreed between counsel that there was in operation in Fulton County on the day on which the defendant was arrested a lottery known as the numbers game, and the manner and method of its operation was also agreed upon. According to the other evidence in the case, the defendant was arrested by officers of the City of Atlanta under circumstances where no crime was actually being committed in their presence, but the officers stopped the defendant's car and she voluntarily allowed them to search the automobile and her handbag. They found

no lottery paraphernalia in either, but due to the peculiar manner of her speech one of the officers ordered her to open her mouth. When she did so the officers observed that she had a chewing gum wrapper on her tongue which she endeavored to conceal by pushing it back farther in her mouth with her teeth. One of the officers reached up and took the chewing-gum wrapper off her tongue. There were a number of penciled entries on the wrapper such as to indicate that it was a collection sheet such as was in use by "pickup men" in the lottery known as the numbers game. The defendant objected to the introduction of the wrapper in evidence on the grounds that it was obtained from her without her consent and by the use of force in violation of the due-process clause of the 14th Amendment of the Constitution of the United States, and that the defendant had been compelled thereby to incriminate herself. Her petition for certiorari to the Superior Court of Fulton County, based on the usual general grounds and the one special ground, indicated above, relating to the admission of the wrapper in evidence, was overruled and denied, and she has brought the present writ of error to this court to have that judgment reviewed.

1. Even though the defendant was not under legal arrest at the time the chewing-gum wrapper was removed from her tongue by the officer, her action in opening her mouth was voluntary and not the result of coercion so as to make the introduction of it, as a lottery ticket, in evidence inadmissible on the ground that it violated the constitutional inhibition against self-incrimination, as there was no explicit threat or show of force against the defendant. *Grant* v. *State*, 88 *Ga. App.* 745 (77 S. E. 2d 748), and citations. Nor can it be said, in the absence of coercion, that such evidence was inadmissible as violative of the due-process clause of the 14th Amendment of the Constitution of the United States. *Rochin* v. California, 342 U. S. 165 (72 Sup. Ct. 205, 96 L. ed. 183), and citations.

2. The manner and method of operating the lottery known as the numbers game was in evidence, and there was evidence that such lottery was in operation in the county at the time the defendant was arrested. The jury was authorized to find that the chewing-gum wrapper containing the penciled entries was in fact a part of the paraphernalia of such lottery; and that, while the wrapper bore no date, it had been written within the two-year period immediately preceding the return of the accusation; and that the defendant was, therefore, guilty as charged. *Green* v. *State*, 86 *Ga. App.* 890 (72 S. E. 2d 771), and citations. The evidence authorized the verdict, and the superior court did not err, for any reason assigned, in overruling and denying the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 6, 1954.

*Wesley R. Asinof,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, C. O. Murphy,* contra.